BENJAMIN SCHUYLER vs. MARSTEN D. TREFREN et al.

1. In a proceeding under the supplement to the act concerning landlords and tenants, approved March 4th, 1847, (*Nix. Dig.* 422) the affidavit must state as a fact, that satisfaction for the rent cannot be obtained by distress; stating it merely as belief will not be sufficient.

2. The complaint must show, and it must be proved on the trial, that a demand of the rent had been made by three days' notice in writing, served upon the person owing the same, requiring the payment of the rent or possession of the premises.

*Certiorari* in matter of proceeding under the supplement to the act concerning landlords and tenants, approved March 4th, 1847.

Argued before ELMER and HAINES, Justices.

*G. A. Allen*, for plaintiff in *certiorari*.

*Richey*, for defendants.

The opinion of the court was delivered by

HAINES, J. The writ in this case brings up the proceedings before a justice of the peace, for the recovery of the possession of certain premises in Hunterdon, under the supplement to the act concerning landlords and tenants.

It has been held by this court, in *Stanly* v. *Horner*, 4 *Zab.* 511, and in *Fowler* v. *Roe*, 1 *Dutcher* 549, that the only question here in such a case is, whether the justice had jurisdiction. If he had not jurisdiction of the subject matter and of the cause, his proceedings under color of the act, but not in pursuance of its provisions, must be set aside.

The proceeding is summary, and the jurisdiction is special, limited and statutory; and every essential to its proper exercise must appear to have been complied with.

This action was under the second paragraph of the first

section of the act of March 4th, 1847, and it must appear —1st, that the relation of landlord and tenant existed ; 2d, that there was default in the payment of the rent, pursuant to the agreement under which the premises were held ; 3d, that satisfaction for such rent could not be obtained by distress of any goods ; and 4th, that a demand of the rent had been made by three days' notice in writing, requiring the payment of the rent or possession of the premises, served upon the person owing the same.

By the complaint and oath in writing of one of the complainants, the first and second requisites of that clause of the statute appear to have been complied with, that the relation of landlord and tenant did exist, and that there was default in the payment of the rent.

To show a compliance with the third requisite, the complainant, in his oath in writing, says that he believes that satisfaction for the rent cannot be made out of the personal property, goods and chattels of the tenant. The second section of the act requires an oath of the facts, which, according to the preceding section, authorize the removal of the tenant. One of those facts is, that satisfaction for the rent cannot be obtained by distress. And it is not sufficient that the landlord believes that it cannot be obtained ; he must be possessed of such knowledge as will enable him to swear to it as a fact. That knowledge he may obtain from the tenant, or from estimating the value of the goods subject to distress, or by the attempt to distrain, or in some other way. But unless he possess such knowledge, so as to be able properly to make oath of it, he cannot establish it as the fact required. It is not necessary to set forth the means of his knowledge, but he must be able to swear to the fact, and not merely to the belief, that satisfaction cannot be made.

As a compliance with the fourth requisite, it is stated in the complaint and oath, that demand of the rent in arrear had been made according to law, but not that the three days' notice had been served upon the tenant.

Nor does the proof before the justice, even if that were competent, supply the deficiencies. There was produced on the trial, and read in evidence, a notice in writing and a demand of the rent or delivery of the possession, dated on the 13th March, and an affidavit of its service; but at what time it was served, whether three days before the entry of the complaint, or more or less, does not appear. There is no evidence or averment even of this very essential requisite to the jurisdiction of the justice.

The proceedings were not in pursuance of the statute nor within the jurisdiction of the justice, and must therefore be set aside and for nothing holden.

CITED in *Morris Canal and Banking Co.* v. *Mitchell*, 2 *Vr.* 103; *McQuade* v. *Emmons*, 9 *Vr.* 398.