JOHN SBROLLA, APPLICANT, v. MARIA HESS, RESPONDENT.

Argued May 2, 1945—Decided May 23, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the applicant, *John B. Baratta.*

For the respondent, *Martin Bloom.*

The opinion of the court was delivered by

CASE, J.   This is a landlord and tenant case wherein the landlord sued in the Atlantic City District Court for possession. The trial court dismissed the proceeding. The landlord now seeks to attack the judgment thereon upon the ground that the court was without jurisdiction to render it.

The rule usually followed by the Supreme Court is that although it has constitutional power to supervise generally,

by *certiorari*, the proceedings in District Courts, *Green* v. *Heritage*, 64 *N. J. L.* 567, it will leave the parties to their appeal except where some jurisdictional question is involved, *Degenring* v. *Kimble*, 115 *Id.* 379, and, further, acquiesce in the statute which, in summary proceedings to dispossess a tenant, forbids appeal or removal by *certiorari* either by the landlord or the tenant, *R. S.* 2 :32–273; *R. S.* 2 :58–26; *Van Vlaanderen Machine Co.* v. *Fox*, 95 *Id.* 40. The landlord does not dispute the fact or the propriety of that practice but argues that he is entitled to a writ because the District Court acted without jurisdiction. That court had, of course, jurisdiction to entertain the suit; and this is admitted by the landlord—an admission which is obviously inevitable because the landlord brought the proceeding. Necessary to the exercise of that jurisdiction was the disposition of the cause, either by granting or refusing judgment for possession. The court exercised its jurisdiction by refusing to render judgment for possession. Chief Justice Beasley in *Munday* v. *Vail*, 34 *Id.* 418, 422, said:

"Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First. The court must have cognizance of the class of cases to which the one to be adjudged belongs. Second. The proper parties must be present. And, third. The point decided must be, in substance and effect, within the issue."

We find no lack of jurisdiction. Perhaps, as the landlord contends, the statute upon which the court relied, in coming to its conclusion, was unconstitutional, and if that be so, the finding was in error. But this is not to say that the court lacked jurisdiction. The landlord was not without opportunity to put himself in the way of having a review; he could have made seasonable application for permission to transfer to the Circuit Court. *R. S.* 2 :32–274; *R. S.* 2 :58–27. The disposition by the District Court creates no estoppel by judgment against the landlord. *Van Vlaanderen Machine Co.* v. *Fox, supra.*

We are not disposed to grant a writ on the record as submitted, even though it be assumed that a writ, in proper

circumstance, might issue to review the constitutionality of a statute relied upon by a District Court in a landlord and tenant case.

The application for a writ of *certiorari* is denied, with costs.