REE LEACHMAN, PLAINTIFF-RESPONDENT, v. NANCY
KITE, DEFENDANT-PROSECUTRIX.

Argued June 7, 1945—Decided September 18, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the prosecutrix, *Irving I. Jacobs.*

For the respondent, *Joseph B. Kauffman* and *William
Charlton.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up for review
a judgment of the Atlantic City District Court in a landlord
and tenant case awarding to the landlord a judgment for
possession of the leased premises against the prosecutrix.

Prosecutrix concedes that under the provisions of the stat-
utes, *R. S.* 2:58–26 and *R. S.* 2:32–273, a review of the
judgment in a case such as this is permissible only where
the court lacked jurisdiction, and contends that there was
such a lack in this case.

Two points are made. First, that the proofs showed that
the landlord had accepted rent covering a period beyond the
expiration of the lease and had, therefore, created a periodic
tenancy. If this be so and if the trial court committed error
in his disposition of this point, it still does not amount to a
failure of jurisdiction in the District Court to entertain and
determine a landlord and tenant case.

It is also urged that the written demand for possession did not comply with regulations of the Office of Price Administration. It is not contended that the provisions of the statutes of this state were not complied with or that there was a failure in any of the steps necessary for a landlord to institute such a suit against a tenant. This objection does not amount to a jurisdictional question.

The case comes within the holding of *Sbrolla* v. *Hess*, 133 *N. J. L.* 71, where this court quoted from the case of *Munday* v. *Vail*, 34 *Id.* 418, as follows:

"Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First. The court must have cognizance of the class of cases to which the one to be adjudged belongs. Second. The proper parties must be present. And, third. The point decided must be, in substance and effect, within the issue." *Cf. Seidel* v. *Cahajla*, 129 *N. J. L.* 314.

All three of these elements are present in this case. The District Court is given by statute jurisdiction of landlord and tenant cases. The parties were brought in court in accordance with the statutes and rules of the court. The point decided, the landlord's right to possession, was the very thing put in issue by the proceeding.

If the affidavit is sufficient and there is any supporting evidence at all, the jurisdiction of the court is established and this court will not look further. *Hilyard* v. *Heinzer*, 3 *N. J. Mis. R.* 343; *affirmed,* 102 *N. J. L.* 217. In the instant case the affidavit was not challenged in the court below and is not challenged here. The evidence is not before us but the court found the facts as alleged in the affidavit, so we must assume that there was evidence in support thereof. The challenge to the jurisdiction made in the court below came after the close of the plaintiff's case and at the end of the entire case. The matters sought to be raised there and here go to the propriety of the court's findings of fact and may not be reviewed here.

The writ is dismissed, with costs.

PERSKIE, J. (Dissenting.) The question, as I see it, is not whether the District Court had statutory jurisdiction summarily to try certain specifically stated classes of landlord and tenant cases. That is not debatable. *R. S.* 3 :32–265. Rather is the question whether that jurisdiction was properly invoked. What, therefore, is it that brings into play the essential factors dispositive of the existence *vel non* of jurisdiction as set down in *Munday* v. *Vail,* 34 *N. J. L.* 418, followed in *Sbrolla* v. *Hess,* 133 *Id.* 71; 43 *Atl. Rep.* (*2d*) 498, and held to be controlling in the case at bar. The answer is that those factors invoke the statutory jurisdiction only when the legal evidence establishes the particular statutory ground asserted and upon which ground the affidavit is based.

It is not a good answer to say, as it is in effect said, that no attack was made upon the affidavit. For prosecutrix challenges here, as she did below, the jurisdiction of the court. Such a challenge necessarily calls for a determination of the validity of the affidavit and the efficacy of the supporting proofs. This is so because the exercise of the statutory jurisdiction has for its source the affirmative finding that the affidavit and the proofs in support thereof are proper. For analogy compare *Brandon* v. *Montclair,* 125 *N. J. L.* 367; 15 *Atl. Rep.* (*2d*) 598; *Green* v. *Board of Commissioners of Newark,* 131 *N. J. L.* 336; 36 *Atl. Rep.* (*2d*) 610; *National Lumber Products Co.* v. *Ponzio,* 133 *N. J. L.* 95, 101; 42 *Atl. Rep.* (*2d*) 753.

Here the return to the writ, under the hand and seal of the trial judge, discloses, among other things, that motions were made for prosecutrix at the end of respondent's case, and at the end of the entire case, to dismiss the proceedings on the ground that the court was without jurisdiction to enter judgment for possession on the alleged ground of expiration of term. These motions were made to rest upon the uncontradicted proof that respondent had accepted from prosecutrix, contrary to federal regulations, excess rent in the sum of $177.08, and that such excess rent covered a period beyond the expiration date of the letting as set down in the affidavit. In such circumstances, it is argued, and I think correctly so,

that the holding over by prosecutrix was legally non tortious, without which the proceedings could not have been maintained, and created a periodic tenancy of the month to month variety, a tenancy which in any event extended the alleged expiration date set forth in the affidavit. Hence the court was without jurisdiction.

I vote to reverse.