10 N.J. Super. 91 (1950)
76 A.2d 715
ALBERT DAVIDSON, PLAINTIFF-APPELLANT,
v.
MILTON BURSTEIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1950.
Decided November 9, 1950.
*93 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Aaron VanPoznak argued the cause for appellant.
Mr. Samuel H. Nelson argued the cause for respondent (Mr. Abram J. Precker, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
On September 13, 1949, the Federal Housing Expediter issued a certificate of eviction to the landlord-appellant authorizing the prosecution of proceedings to dispossess the tenant-respondent from the designated housing accommodations. An action was thereupon instituted by the landlord in the Essex County District Court. The tenant then applied to the Local Rent Advisory Board to review the propriety of the issuance of the certificate relating to eviction.
On November 15, 1949, during the pendency of the application before the Advisory Board a judgment for possession in favor of the landlord was entered in the action in the District Court, but the issuance of the warrant for possession was expressly deferred until January 15, 1950.
On January 9, 1950, the Office of the Housing Expediter at Newark, through its Area Rent Director, revoked the certificate relating to eviction theretofore issued for the reason that "the petition does not appear to have been made in good faith."
On January 12, 1950, the tenant obtained from the District Court and duly served on the landlord an order to show cause why the judgment for possession entered on November *94 15, 1949, should not be vacated and set aside since the certificate of the Housing Expediter had been revoked and the judgment of the court had not been executed by the issuance of any warrant for possession. On February 28, 1950, the judge of the District Court set aside the judgment for possession. The nullification of the judgment constitutes the subject matter of the present appeal.
Summary dispossession proceedings in the district courts by the express terms of the statute were not appealable and could not be reviewed on certiorari save on the ground that the district court lacked jurisdiction in the particular case. R.S. 2:32-273, N.J.S.A., Sbrolla v. Hess, 133 N.J.L. 71, 42 A. 2d 569 (Sup. Ct. 1945). That section of our statutory law was not expressly or by implication repealed by the District Court Act, R.S. 2:32-10.1 et seq., N.J.S.A. The scope of the review continues to be limited to jurisdictional questions. Opalach v. Cebulah, 2 N.J. Super. 139, 65 A.2d 67 (App. Div. 1949). Vide, Hertzberg v. Siegel, 8 N.J. Super. 226, 73 A.2d 840 (App. Div. 1950).
The nature of the judgment in such a summary proceeding conducted under our statutory law must also be recognized. It does not have the qualities of res judicata. Van Vlaanderen Machine Co. v. Fox, 95 N.J.L. 40, 111 A. 687 (Sup. Ct. 1920). The decisions of foreign jurisdictions are in most cases based upon a statutory footing distinctly different from ours.
Section 825.6 of the Federal Rent Regulations provides:
"(a) So long as the tenant continues to pay the rent * * * no tenant shall be removed from any housing accommodations by action to evict or to recover possession * * * except on one or more grounds specified in this paragraph (a), or unless the landlord has obtained a certificate in accordance with paragraph (c) of this section: * * *

* * * * * * *
"(c) No tenant shall be removed or evicted on grounds other than those stated in paragraph (a) of this section unless on petition of the landlord the Housing Expediter certifies that the landlord may pursue his remedies in accordance with the requirements of local law. * * *"
*95 The certificate embodies the condition:
"This Certificate shall remain in effect unless and until changed by the Housing Expediter or the Certificate is otherwise suspended in accordance with Rent Procedural Regulation 2."
We cannot undertake to review the determination of the Federal Housing Expediter in the revocation of the certificate. We are specifically invited to review the action of the District Court in vacating the judgment for possession.
Nor are we in the present instance confronted with the supremacy of federal law over state law in areas of conflict since here the action taken by the District Court judge was not contrary to and in defiance of a ruling of the federal agency but taken in a cooperative recognition of it.
We proceed then to ascertain the authority of the District Court judge to vacate the judgment.
Rule 7:10-2 governing civil practice in the county district courts and municipal courts states:
"For good cause shown, the court upon application and notice to the adverse party, may set aside an entry of default, judgment by default or judgment after trial or hearing. Superior Court Rules 3:59 to 3:62 inclusive, shall govern such application."
Rule 3:60-2 declares that the court may relieve a party from a final judgment for the following reasons, inter alia: where (5) a prior order upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application, or where (6) there is any other reason justifying relief from the operation of the judgment.
We conclude that the judge of the District Court possessed authority to vacate the judgment and there being no doubt of the general jurisdiction of the court over dispossess proceedings between a landlord and tenant, this court will not further explore the unrelated characteristics of the case.
Appeal dismissed.