94 N.J. Super. 25 (1967)
226 A.2d 733
TERRILL MANOR, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BERNARD KUCKEL AND SARA KUCKEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1967.
Decided February 14, 1967.
*26 Before Judges CONFORD, FOLEY and LEONARD.
Mr. James C. Orr argued the cause for appellant (Messrs. Lum, Biunno & Tompkins, attorneys; Miss Marlene Gross, on the brief).
Mr. Kent A. Losche argued the cause for respondents (Messrs. Hein, Smith & Mooney, attorneys).
PER CURIAM.
Plaintiff, claiming to be defendants' landlord, brought proceedings to dispossess them in the Bergen County District Court. The tribunal, after hearing, determined that there was no landlord-tenant relationship between the parties and consequently dismissed the complaint.
*27 The initial inquiry is whether this court has jurisdiction of the appeal. The county district court action was brought under N.J.S. 2A:18-53 et seq. Section 2A:18-59 provides:
"Proceedings had by virtue of this article shall not be appealable except on the ground of lack of jurisdiction. The landlord, however, shall remain liable in a civil action for unlawful proceedings under this article."
That section, adopted as part of the 1951 general revision of the procedural legislation contained in Title 2 of the Revised Statutes of 1937, including summary dispossess proceedings, and particularly R.S. 2:32-273, has been recognized as a codification of previous judicial construction of the last mentioned and earlier forms of statutory prohibition of appeals in summary dispossess cases. The effect of such construction was to preclude such appeals except for absence of jurisdiction in the court of first instance. See 18 N.J. Practice (Fulop-Kain, District and Municipal Courts), § 1568, p. 139 (1954); Opalach v. Cebulah, 2 N.J. Super. 139 (App. Div. 1949); and see Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459, 462 (1961).
Two decisions of the former Supreme Court applied the stated conception of the law to preclude attempted appeals by landlords from adverse decisions by district courts in dispossess cases. Van Vlaanderen Machine Co. v. Fox, 95 N.J.L. 40 (Sup. Ct. 1920); Sbrolla v. Hess, 133 N.J.L. 71 (Sup. Ct. 1945). These decisions have not been overruled or impugned as authority in any later reported case. Plaintiff argues, in effect, that they were not soundly decided since the policy of preclusion of appeal in the interests of expeditious determination of such litigation is not violated if appeal is allowed in cases of erroneous denial of jurisdiction by county district courts as well as of erroneous assumption of jurisdiction. However, it appears to us that the Legislature in 1951 resolved that policy question when it adopted N.J.S. 2A:18-59, which literally precludes appeal except for "lack of jurisdiction" *28 (emphasis added), thereby evincing a recognition and reaffirmation not only of the earlier decided cases but also of the result in so recent a judicial determination as Sbrolla v. Hess, supra, where a landlord was denied an appeal because he was not and could not be challenging the jurisdiction of the trial court.
These conclusions do not leave the plaintiff without remedy. It can institute an action for possession of land under R.R. 4:79. Or it may file another dispossess action and apply for its removal at once to the Superior Court. N.J.S. 2A:18-60. A judgment in either such case would be appealable. The dismissal here sought to be appealed will not conclude a redetermination of any issue as res judicata. 18 N.J. Practice, op. cit., § 1567, p. 136.
The present appeal not being pursued on the ground of lack of jurisdiction of the county district court, we have no jurisdiction over the appeal and it is consequently dismissed. No costs.