130 N.J. Super. 116 (1974)
325 A.2d 825
CHARLIE COLLINS CHEVROLET, PLAINTIFF-APPELLANT,
v.
MARY ZEBROWSKI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 3, 1974.
Decided September 3, 1974.
*117 Before Judges CONFORD, LORA and ALLCORN.
Messrs. Rosenblum & Rosenblum, attorneys for plaintiff-appellant (Mr. Edward G. Rosenblum, on the brief).
Messrs. Lamb, Hutchinson, Thompson & Chappel, attorneys for defendant-respondent (Mr. Lawrence J. Finnegan, on the brief).
PER CURIAM.
Plaintiff-landlord appeals from so much of the judgment for possession in this summary dispossess action, entered August 14, 1974, as postpones the issuance of a warrant for removal until October 15, 1974. We are in agreement with plaintiff's contention that the county district *118 court was without jurisdiction so to defer the warrant for removal.
Defendant conducts a licensed tavern in the property, occupying same as a month-to-month tenant. She did not dispute the fact of termination of the tenancy by due notice from the landlord, but requested a delay in the issuance of a warrant for removal on the ground that she needed time to sell the liquor license and would not be able to transfer it if not in actual use in a going business. The latter assertion was not substantiated, but the matter is not relevant in any event. The trial court had no authority to defer the warrant.
The jurisdiction and powers of a county district court in a summary dispossess proceeding are strictly statutory. N.J.S.A. 2A:18-53 et seq.; and see, Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459 (1961); Ivy Hill Park Section Five, Inc. v. Handa, 121 N.J. Super. 366 (App. Div. 1972). Except for the provision that no warrant of removal shall issue until the expiration of three days after entry of judgment for possession, N.J.S.A. 2A:18-57, the statute contemplates that ordinarily judgment for possession will be entered forthwith in favor of a prevailing landlord when the action comes on for trial and that the warrant for removal will issue in due course thereafter. Ibid. The essence of a tenancy action is the speedy restoration of his property to the landlord, see Vineland Shopping Center, Inc. v. DeMarco, supra 35 N.J. at 463; and we cannot infer any right in the trial court to withhold the premises from the landlord on any theory of hardship to the tenant unless there is a statutory basis therefor.
The only legislation extant bearing upon the suspension of the warrant for removal in a tenancy action that is cited to us is N.J.S.A. 2A:42-10.6. This allows relief to a tenant of premises "used for dwelling purposes" up to six months after entry of judgment for possession where hardship is shown consisting of the unavailability of other dwelling accommodations. Since the provision is not applicable *119 to a tenant of commercial premises it cannot support the action of the trial court in this case.
The judgment is modified to exscind the direction for the suspension of the warrant for removal and the matter is remanded to the county district court with directions for the issuance of the warrant for removal forthwith.