HOUSING AUTHORITY OF THE CITY OF NEWARK, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. SUSIE WEST, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 28, 1975—Decided February 14, 1975.

Before Judges LYNCH, ALLCORN and FURMAN.

*Mr. Richard A. Conli* argued the cause for the appellant (*Friedman & D'Allessandro,* attorneys).

*Mr. Stanley Varon* argued the cause for the respondent (*Mr. Anthony J. Marinello* on the brief).

PER CURIAM. ██ In a summary proceeding to dispossess a tenant for nonpayment of rent under *N. J. S. A.* 2A:18–53, once the default has been established and judgment for possession has been entered, the county district court is without jurisdiction to stay the issuance of the warrant for removal, absent proof that "the tenant will suffer hardship because of the unavailability of other dwelling accommodations"; and even where the unavailability of other housing has been demonstrated by the tenant, the stay may be issued only for a period not exceeding "6 months after the date of entry of the judgment of possession." *N. J. S. A.* 2A:42–10.1.

██ It follows that the issuance of the warrant for removal may not be stayed in order to permit the tenant to pay the arrearages in rent (here aggregating $2,199) in monthly installments of $100, which would effectively bar the execution of the warrant for a period of 22 months. Compare *Ivy Hill Park Section Five, Inc. v. Handa,* 121 *N. J. Super.* 366 (App. Div. 1972). See also, *N. J. S. A.* 2A:18–55; *Vineland Shopping Center, Inc. v. DeMarco,* 35 *N. J.* 459, 465 (1961).

Accordingly, the stay is vacated and the cause is remanded to the Essex County District Court with directions to issue the warrant for removal forthwith. No costs.