HOUSING AUTHORITY OF THE CITY OF NEWARK, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. SUSIE WEST, DEFENDANT-APPELLANT.

Argued November 5, 1975—Decided March 11, 1976.

294

Mr. *Stanley Varon,* attorney for Newark Legal Services, argued the cause for appellant.

Mr. *Emil W. Nardachone* argued the cause for respondent (*Messrs. Friedman & D'Alessandro,* attorneys; *Mr. Richard A. Conti* on the brief).

The opinion of the court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. The principal issue here is the right of a landlord to appeal a determination made by a county district court judge in the disposition of a dispossess action under *N. J. S. A.* 2A:18–53 *et seq.* Specifically, the Appellate Division entertained jurisdiction of the plaintiff landlord's appeal challenging the entry by the trial judge of an order staying issuance of a warrant for removal pending performance by the tenant of the court's stipulation that she pay her accumulated arrearage of $2199 at the rate of $100 per month (plus current rent). The Appellate Division held the action of the county district court was beyond its jurisdiction and vacated the stay, directing the warrant for removal to issue forthwith. We granted certification, 68 *N. J.* 149 (1975), and now conclude the determination of the Appellate Division was correct. Hence we affirm.

■ This controversy arises out of a "rent strike" by the tenants at plaintiff's Baxter Homes housing project in Newark. Defendant withheld payment of her rent for a twenty-two month period, upon which plaintiff brought this action to dispossess her for non-payment of rent. No contention is raised before us that the circumstances of the strike constituted a legal defense to the tenancy action. It is conceded that the defendant is substantially in arrears on the stipulation imposed by the trial judge and that the appeal might

well be regarded as moot. But we think the legal issues require adjudication in the public interest and we therefore address them.

## I

■ We consider, preliminarily, defendant's contention, advanced in the Appellate Division but not here, that plaintiff was estopped to bring the action for "prejudicial delay" in instituting it. Beyond the dispositive consideration that defendant did not appeal from the judgment of possession, the assertion has no merit. Plaintiff was confronted with a crisis in the rent strike. The election as to when to avail itself of its statutory remedies was for it alone. While we do not condone a rent strike, we observe that defendant could have placed the rent money in escrow, as other tenants in such situations have commonly done. The so-called delay was not prejudicial in any sense as to which we can take cognizance.

## II

Defendant argues that plaintiff has no statutory right of appeal. The contention has two branches: (a) the dispossess statute does not contemplate a right of appeal by a landlord in any circumstances; (b) if an appeal by a landlord is allowable at all, it may not be brought in the present instance, as here there was no "lack of jurisdiction" in the county district court, as required by *N. J. S. A.* 2A:18–59.

The first branch of defendant's contention does not appear to have ever been asserted in any reported case. Appeals by landlords have been rejected in dispossess actions because of failure to show the trial court lacked jurisdiction, *Sbrolla v. Hess*, 133 *N. J. L.* 71 (Sup. Ct. 1945); *Terrill Manor, Inc. v. Kuckel*, 94 *N. J. Super.* 25 (App. Div. 1967), but none on the ground that landlords are absolutely barred from appealing.

Defendant bases her contention upon the text of the statute and her conception of sound public policy. *N. J. S. A.* 2A:18–59 reads:

Proceedings had by virtue of this article shall not be appealable except on the ground of lack of jurisdiction. The landlord, however, shall remain liable in a civil action for unlawful proceedings under this article.

On the face of the act no party is denied a right of appeal on the issue of jurisdiction. The clear implication is that any party has that right. But defendant reads the two sentences of the section together to spell out legislative contemplation that only appeals by tenants for lack of jurisdiction, not by landlords, are permissible. The point made is that the express saving to an aggrieved tenant, by the second sentence, of remedies other than appeal for unmeritorious dispossess judgments, demonstrates that by the first sentence *all* appeals were barred except where judgments were rendered against *tenants* without attendant jurisdiction. Defendant further points out that the landlord is not prejudiced by denial of appeal since he may bring another dispossess action, the adverse judgment not being *res judicata, Van Vlaanderen Machine Co. v. Fox,* 95 *N. J. L.* 40, 41 (Sup. Ct. 1920); or he may bring an action to recover possession under *N. J. S. A.* 2A:35–1 *et seq.*; or he may seek to remove a dispossess action to the Superior Court. *N. J. S. A.* 2A:18–60. The argument does not commend itself to us. The exception for lack of jurisdiction was written into the section in the course of the general revision in 1951 of Title 2 of the Revised Statutes of 1937. The predecessor section (*R. S.* 2:32–273) read:

"Proceedings had by virtue of section 2:32–265 of this title shall not be appealed nor removed by certiorari but the landlord shall remain liable in an action at law for an unlawful proceeding * * *"

As pointed out by Chief Justice Weintraub in *Vineland Shopping Center, Inc. v. DeMarco,* 35 *N. J.* 459, 462 (1961),

the former Supreme Court regarded the legislative limitation on its inherent review power by certiorari as not binding on it, and it would therefore entertain an application for the writ where it was asserted the dispossess tribunal had acted without jurisdiction, but only in such case. It is significant that in one of the last reported cases applying the predecessor statute before its revision in 1951, *Sbrolla v. Hess, supra,* the court, while rejecting the contention of an appealing landlord that the district court had acted without jurisdiction, did not suggest that there was no right of appellate review by the landlord even if he could show lack of jurisdiction below.

We conclude that the history of the statute does not support defendant's contention that only tenants, not landlords, may bring appeals from tenancy proceedings on jurisdictional grounds. Nor are we persuaded to arrive at such a construction of the act now for policy reasons. As will be presently seen, the jurisdictional basis for appeals by tenants in dispossess actions has been vastly expanded as a result of our decision in *Marini v. Ireland,* 56 *N. J.* 130 (1970). Pending any revision of this statutory subject matter by the Legislature — an undertaking obviously needed — our view is that it is consistent with sound policy that the appellate standing of landlords and tenants in this area should continue on a parity.

### III

We turn to defendant's contention that the county district court had jurisdiction to fix the terms of the warrant for removal and that therefore the statute precludes an appeal. The plaintiff's response is that since the statute contains no authority to suspend a warrant for removal for a potential period of 22 months the action of the trial court was devoid of jurisdictional foundation and therefore appealable on that ground. *Ivy Hill Park Section Five, Inc. v. Handa,* 121 *N. J. Super.* 366 (App. Div. 1972); *Charlie Collins Chevrolet v. Zebrowski,* 130 *N. J. Super.* 116 (App. Div. 1974).

Consideration of the issue requires preliminary recognition that the concept of "jurisdiction" has been understood in a wide variety of ways, depending upon the particular context of application. See 50 *C. J. S., Jurisdiction,* pp. 1089–1090. In *Sbrolla v. Hess, supra* (133 *N. J. L.* at 72), Justice Case purported to apply, in this context, the classic notion of jurisdiction of courts, *i. e.,* requiring (a) cognizance of the class of cases involved; (b) presence of proper parties; (c) comprehension within the issues of the point decided. But an examination of the tenancy cases cited in *Vineland Shopping Center, Inc. v. DeMarco, supra,* demonstrates that jurisdictional lack has over the years been found in various kinds of defects and errors far beyond the narrow limitations of *Sbrolla.* See 35 *N. J.* at 462, 463, 464. It is, moreover, particularly difficult to reconcile cases applying the *Sbrolla* thesis that decisional error on the merits is not jurisdictional for appellate purposes, *cf. Leachman v. Kile,* 133 *N. J. L.* 240, 241 (Sup. Ct. 1945), aff'd o. b. 133 *N. J. L.* 612 (E & A. 1946), with the line of cases cited in *Vineland Shopping Center, Inc. v. DeMarco, supra,* 35 *N. J.* at 464. The latter hold or imply that there must be *some evidence* from which the trial court can find the existence of a statutory basis for removal or else there is jurisdictional error engendering a right of appeal from a judgment for possession on the part of the tenant.

The conceptual fog in the supposed distinction between meritorious errors and jurisdictional defects was considerably dissipated by the decision of this court in *Marini v. Ireland, supra.* The effect of the decision, at least for purposes of the right of appeal by tenants, was substantially to eliminate the distinction. There, where the landlord's right to dispossess was founded upon non-payment of rent, the court held that determination by the trial court of the amount of rent due went both to the merits and to jurisdiction. 56 *N. J.* at 139, 140. While we do not need to decide the point here, and we reserve it, see *Levine v. Seidel,* 128 *N. J. Super.* 225 (App. Div.

1974), certif. den. 65 *N. J.* 570 (1974), it would, in the light of *Marini,* appear logical for a landlord aggrieved by a determination as to the amount of rent owing, to argue that a jurisdictional error has been made, giving him a right to appeal.

However, the precise issue before us can be decided on narrower grounds. The statute specifies the bounds of the court's power to stay a warrant for removal. *N. J. S. A.* 2A:18–57 reads:

> If no sufficient cause is shown to the contrary when the action comes on for trial, the court shall issue its warrant to any officer of the court, commanding him to remove all persons from the premises, and to put the claimant into full possession thereof, and to levy and make the costs out of the goods and chattels of the person in possession.
>
> No warrant of removal shall issue until the expiration of 3 days after entry of judgment for possession.

■■ The act plainly means that unless the tenant at the trial demonstrates the absence of proof of the statutory requisites for a judgment for possession the court shall ordinarily issue its warrant for removal forthwith after the expiration of three days from entry of the judgment for possession. It does not mean by the clause, "if no sufficient cause is shown to the contrary * * *", as contended by defendant, that the court has authority in its discretion to hold up issuance or stay the warrant for removal for as long as may seem equitable to the judge. The cited language is found in the predecessor statutes going back into the last century (see *R. S.* 2:32–271 and source note), and it is unquestionable that the basic purpose of the summary proceedings was to permit prompt recovery of the premises by the landlord. *Vineland Shopping Center, Inc. v. DeMarco, supra,* 35 *N. J.* at 462.

■ The foregoing is not to say that the court does not have inherent discretion, as district court judges have assumed for decades, to stay the warrant for a reasonable time to permit a tenant in distressed circumstances to arrange for

his voluntary removal from the premises. It is to say that nothing like the authority assumed by the trial judge here is remotely within the statutory contemplation.

These conclusions are buttressed by the carefully circumscribed statute which the Legislature adopted in 1957 (c. 110), N. J. S. A. 2A:42–10.6, permitting a judge in a possessory action of any type to stay a warrant for removal from dwelling premises, but not in excess of six months after entry of a judgment for possession, where it appears that hardship is presented because of the unavailability of other dwelling accommodations. The Appellate Division has correctly held in this and other recent cases that extended stays of warrants for removal in situations not coming within the prescription of this statute are invalid as beyond the jurisdiction of the court and has given the landlord relief therefrom on appeal. See *Ivy Hill Park Section Five, Inc. v. Handa* and *Charlie Collins Chevrolet v. Zebrowski*, both *supra*.

In view of the checkered history of the judicial interpretation of "lack of jurisdiction" for purposes of appeal in dispossess actions, and the great liberality now afforded tenants in that regard by the *Marini* decision, *supra*, we conclude that a fair present-day construction of the dispossess statute is that in the absence of legislation giving the trial court authority to stay a warrant for removal for an extended period of time its undertaking to do so renders its order *coram non judice* and entitles the landlord to appellate relief. We so hold.

Judgment affirmed.

PASHMAN, J. (dissenting). This is an appeal from a summary dispossess action initiated by plaintiff-public housing authority under N. J. S. A. 2A:18–53 *et seq.* for nonpayment of rent. The primary questions raised by this appeal are whether the County District Court had subject matter jurisdiction to hear the case and, if it did, whether it was proper for that court to grant judgment for possession in favor of the housing authority and then stay the issuance of the war-

rant for removal for approximately two years. The ostensible purpose of this stay was to give the tenant an opportunity to pay her arrearages consisting of unpaid rent for a period of 22 months. The *principal* issue is not, as the majority would have it, whether a landlord may "appeal a determination made by a county district court judge in the disposition of a dispossess action." *Ante* at 295. That issue, which I resolve only to meet the reasoning put forward by the majority, is of secondary importance.

Defendant is an unemployed mother in her mid-thirties whose sole source of income is public assistance. She resides in a four and one-half room apartment in Baxter Terrace, a public housing project in Newark which is owned and operated by plaintiff-landlord, Housing Authority of the City of Newark.

Several years ago, during a public housing "rent strike" in Newark, Ms. West attended a meeting where she was urged to join the strike and withhold rent. In January 1972 she stopped paying rent, but unfortunately, like so many others in the same situation, she failed to place her rental payments in escrow. She explained at trial that she joined the "rent strike" because she was angry that "things weren't being fixed."

It was not until October 1974, 22 months after Ms. West began withholding rent, that plaintiff brought this action for summary removal. At that time, plaintiff owed the housing authority $2199 in arrearages. Plaintiff has given no explanation for its delay in bringing this action.[1]

---

[1]The trial judge himself sought to obtain some kind of explanation as to why the plaintiff had waited almost two years before bringing this action for "summary" dispossession. Accordingly, the judge discussed the matter at trial with plaintiff's counsel. The relevant portion of the transcript follows:

THE COURT: May I ask you something, real honest-like?

MR. CONTE: Your Honor, she admitted to me that she would not have that money.

On the day of the trial, with the assistance of a representative of the County Welfare Board, defendant offered a settlement with the following terms: She would admit the full amount of the debt and would agree to repay it at a rate of $100 per month in excess of regular monthly rental charges if plaintiff would agree not to demand an immediate lump sum payment of the arrearages for which defendant clearly lacked the necessary resources to make payment. Upon learning of the proposed settlement, the judge strongly urged plaintiff to accept the offer. Counsel for plaintiff replied that his client was unwilling to do so. The trial judge thereafter entered judgment for possession but granted defendant a stay of the warrant for removal on the condition that she pay $100 per month in addition to her monthly rental payments until the entire sum of $2199 in rent arrearages was paid in full.

Plaintiff-housing authority filed a notice of appeal. The Appellate Division, in a reported opinion, held that the County District Court lacked jurisdiction to stay the issuance of the warrant. *Housing Authority of Newark v. West,* 132 *N. J. Super.* 229 (App. Div. 1975). As a result, the court vacated the stay and remanded with directions to issue the warrant. We granted certification, 68 *N. J.* 149 (1975).

THE COURT: I know. What I want you to tell me, Mr. Conte, if you can, and I have no interest in putting you on the spot at all; I'm only trying to figure out in my own mind why I get Housing Authority cases when. I hadn't had them before, and I ask you to tell my why does the Housing Authority wait? The first back rent, apparently, here, was 4/1/69 [sic], then 5/1/69 [sic,] 4/1/70 [sic,] 4/1/70, '70, '70 [sic], '73, '72; the whole year, apparently, of '72 and the whole year of '73. All I'm asking is why wasn't this case on a couple of years ago?

MR. CONTE: If the Court pleases, I began with the Housing Authority on October 9, 1973. The reasons for its policies, and so forth, before that are completely unknown to me. However, I'd like to state at this time that the policy of the Housing Authority is that a tenant will be taken to court after two (2) months.

304

I

I first will discuss whether the County District Court had subject matter jurisdiction of this summary dispossess action. If it did not, this Court need not resolve the other issues presented on appeal because all actions and orders of the County District Court would be rendered null and void.

At the outset, I note that neither the landlord nor the tenant questioned the District Court's jurisdiction over this suit. In fact, defendant argued both here and before the Appellate Division that the "District Court definitely had jurisdiction of the action," so that she could advance the argument that under *N. J. S. A.* 2A:18–59 plaintiff had no right to appeal from the trial judge's order. However, jurisdictional infirmities resulting from lack of subject matter jurisdiction may not be overcome nor waived by consent of the parties. *R.* 4:6–7; 4:6–2(a); 6:3–1. Therefore, it is entirely appropriate for this Court to raise *sua sponte* questions concerning the subject matter jurisdiction of the trial court. *Caine v. Anchor Petroleum Co.*, 65 *N. J. Super.* 271, 274 (App. Div. 1961).

My primary concern in this regard stems from the trial court's consideration of this case and entry of a judgment for possession in the face of the landlord's substantial and unexplained delay in bringing suit. While the parties discuss this fact, they do so only in terms of its suggested relevance to the affirmative defenses of equitable estoppel and laches. I conclude, however, that the 22 month delay in bringing suit goes directly to the jurisdictional power of the District Court sitting in a summary dispossess proceeding. I reach this conclusion on the basis of the summary nature of proceedings brought under *N. J. S. A.* 2A:18–53 *et seq.* and the legislative intent behind that statute.

At common law, a landlord's sole means of obtaining possession of premises from a defaulting tenant was by the intricate and often time consuming action of ejectment. *Schlesinger v. Brown,* 116 *N. J. Super.* 500 (Essex Cty. D. Ct.

1971); *LeWine,* "Landlord and Tenant Law," 23 *N. J. Practice,* § 3573 at 588 (1962). Ordinarily, when a landlord is confronted with a defaulting tenant, he is not only interested in eventually obtaining possession of the premises, but he is also interested in a resumption of rental income from that property as quickly as possible. In recognition of the need for a speedy way of dispossessing defaulting tenants of rental property, the summary dispossess statute was enacted as an alternative to the action of ejectment. *N. J. S. A.* 2A:18–53 *et seq.;* see *Marini v. Ireland,* 56 *N. J.* 130, 137 (1970). This proceeding dispenses with formal pleadings, counterclaims, discovery, joinder of parties and jury trials. *R.* 6:3–1; 6:3–4; 6:4–3(a). In furtherance of an accelerated conclusion of the matter, a landlord usually may obtain a hearing within five to fifteen days after the service of the summons and complaint, *R.* 6:2–1; 6:5–2(b), and the right of appeal is sharply curtailed to prevent additional delays. *N. J. S. A.* 2A:18–59. *Vineland Shopping Center, Inc. v. DeMarco,* 35 *N. J.* 459, 462 (1961). As Chief Justice Weintraub once stated, the primary objective of this statute "was to give the landlord a quick remedy for possession." *Id.* at 462. Its statutory title, "Summary Actions for Recovery of Premises," provides another indication of the legislative intent to afford landlords a quick remedy to address their particular needs. *Alfour, Inc. v. Lightfoot,* 123 *N. J. Super.* 1, 5 (County Dist. Ct. 1973).

Recognizing the legitimacy of the legislative purpose, courts have nonetheless sought to compensate for the statute's abbreviation of important procedural rights by construing it strictly. In one early case, the former Supreme Court explained that:

> The proceeding is summary and the jurisdiction is special, limited and statutory; and every essential to its proper exercise must appear to have been complied with. [*Schuyler v. Trefren,* 26 *N. J. L.* 213 (Sup. Ct. 1857)].

Subsequent decisions have elaborated on this statement by suggesting that because the action is both statutory in origin and *summary in nature,* it must be "strictly pursued and complied with." *LeWine, supra,* 23 *N. J. Practice,* § 3232 at 486, n. 10 and cases cited therein. In fact, in one recent case, the court held that, unlike the right of possession enforceable through an action of ejectment, the right to bring a summary dispossess action is not a "right" at all, but is merely a privilege established by statute:

It is necessary to distinguish between a right of possession and a "right" to bring a landlord-tenant summary dispossess action. The latter is not a "right" at all. It is a privilege established by statute, which privilege is available to a party upon compliance with the requirements of that statute. Upon such compliance, a procedural remedy is then available.

. . . . . . .

In contrast, however, a "right of possession" has its origin in common law. It is one of the "rights" incident to seisin in "fee simple absolute." [25 *Fairmount Ave., Inc. v. Stockton,* 130 *N. J. Super.* 276, 285 (County Dist. Ct. 1974)]

From this, I surmise that not only does the legislative scheme entail *summary disposition* of eviction cases, but it presupposes *prompt institution* of such cases as well. Because plaintiff failed to institute its action in a timely fashion, it may no longer seek relief under this statute.

After the passage of almost two years, plaintiff's cause of action can no longer be called "summary"; *N. J. S. A.* 2A:18-53 *et seq.* contemplates disposition of such cases in a matter of days or weeks, not years. Absent some valid justification for the waiting period (and there is none here, see footnote 1 *supra*), the 22 month delay in filing this action raises a presumption that the elements of urgency or immediacy which ordinarily coincide with demands for rapid resumption of rental payments and quick recovery of rental arrearages are noticeably absent here. Without the need for a "quick remedy," the landlord should not be afforded the benefits of a summary procedure and the tenant should not be

denied the procedural safeguards of formal pleadings and discovery.

The existence of an alternative statutory remedy further supports this construction of the summary dispossess statute. *N. J. S. A.* 2A:42–7 provides in pertinent part:

A landlord or lessor to whom *1 year's* rent in arrear is due, and who shall have the right to re-enter the demised premises for non-payment thereof, may without a formal demand or re-entry, institute an action for the possession of such premises. [Emphasis added].

*N. J. S. A.* 2A:35–1 *et seq.*, our statutory substitute for the common law ejectment action provides the right of action arising under *N. J. S. A.* 2A:42–7 with a means of enforcement by vesting jurisdiction over "real property possessory actions" in the Superior Court and county courts.[2]

While *N. J. S. A.* 2A:42–7 also abrogates many of the technical requirements of common law ejectment, the proceeding it envisions is not as expeditious as that available under *N. J. S. A.* 2A:18–53. This would appear to be logical. If a landlord has already permitted his tenant to accumulate arrearages of at least "one year's rent," then it would seem that the landlord lacks a substantial interest in a quick remedy. Were the summary dispossess action available to all landlords regardless how quickly they pursue judicial remedies, then *N. J. S. A.* 2A:42–7 would serve no purpose whatsoever. *N. J. S'. A.* 2A:42–7 and 2A:35–1 also

---

[2]In his opinion in *Wagner v. Newark*, 42 *N. J. Super.* 193 (Law Div. 1956), rev'd on other grounds, 24 *N. J.* 467 (1957), then Judge Weintraub seems to suggest that *N. J. S. A.* 2A:42–7 creates an additional and independent action for possession. 42 *N. J. Super.* at 210–11. A similar suggestion appears in Note, "Self-Help Eviction: Proposals for the Reform of Eviction Procedures in New Jersey," 1 *Rutgers—Camden L. J.* 315, 319 n. 27 (1969). However, there have been no other cases which have utilized this statute as a procedure for eviction. Instead, this statute provides the right to possession — the cause of action — for which *N. J. S. A.* 2A:35–1 provides the remedy.

provide litigants with greater procedural rights such as formal pleadings, appeal rights and discovery. This last consideration is particularly important here because had Susie West been afforded the procedural right of discovery, she might have been able to explore plaintiff's unexplained delay in bringing suit. The resulting information might then have served to substantiate a defense of laches, equitable estoppel, cf. *Gramford Realty Corp. v. Valentin,* 71 *Misc.* 2d 784, 337 *N. Y. S.* 2d 160, 162 (Civil Ct. 1972), or retaliatory eviction, *N. J. S. A.* 2A:42–10.10, 10.12.

Finally, I note that this interpretation of the jurisdictional limits of summary dispossess actions has received recent support in New York cases construing a similar statute. *N. Y. Real Prop. Actions,* § 711 (McKinney 1973).

In *Maxwell v. Simons,* 77 *Misc.* 2d 184, 353 *N. Y. S.* 2d 589 (Civil Ct. 1973), the court considered consolidated actions concerning rent arrearages covering periods ranging from eight to eleven months. In construing the summary dispossess statute, the court first observed that the law "is intended to place the landlord in a position to compel the payment of his rent or be restored to possession so that he may rent the premises to persons who will pay." 353 *N. Y. S.* 2d at 591. The court then stated that "the proceeding is intended to be summary and the statute must be so construed as to carry out its intent." *Id.* After comparing the relief available in a common law ejectment action with the remedial objectives of the summary dispossess statute, the court held that where the landlord commences his action more than three months after the tenant has fallen into arrears, he may no longer utilize the summary proceeding. *Id.* at 592. That the basis for the court's ruling was jurisdictional is demonstrated by its dismissal of the suits without prejudice to the landlord's right to sue for a money judgment "in the proper forum." *Id.* at 593.

Similarly, in *Gramford Realty Corp. v. Valentin, supra,* which involved three nonpayment cases with arrearages of over a year, the court again dismissed the actions. Empha-

sizing the "summary" nature of the proceeding, the court asked: "But what in these three cases warrants summary disposition forthwith restoring the landlord to possession when the landlord has himself done nothing for a year?" 337 *N. Y. S.* 2d at 163. The court concluded:

"I hold that, by its excessive delay, the landlord has forfeited the right to resort to summary proceedings. * * * [T]he landlord has perverted the device of summary proceedings." [Id.]

By its dismissal without prejudice to the landlord's right to pursue an action for a money judgment for the arrearages, *Id.,* the court again indicated that it had limited its consideration to the question of jurisdiction. *Accord, Haberman v. Wager,* 73 *Misc.* 2d 732, 342 *N. Y. S.* 2d 405, 407 (Civil Ct. 1973).

Several recent cases, while distinguishing the *Gramford Realty Corp.* and *Maxwell* decisions on their facts, have nonetheless cited these two cases with approval. *Antillean Holding Co., Inc. v. Lindley,* 76 *Misc.* 2d 1044, 352 *N. Y. S.* 2d 557, 559 (Civil Ct. 1973); *United Artists Corp. v. No. 731 7th Ave. Restaurant, Inc.,* 75 *Misc.* 2d 717, 348 *N. Y. S.* 2d 277, 280 (Civil Ct. 1973); *Malek v. Cruz,* 74 *Misc.* 2d 448, 345 *N. Y. S.* 2d 367, 371 (Civil Ct. 1973). Although *Gramford Realty Corp.* and *Maxwell* have been criticized by at least one trial court, *City of New York v. Betancourt,* 79 *Misc.* 2d 146, 359 *N. Y. S.* 2d 707 (Civil Ct. 1974), on appeal that decision was affirmed on other grounds with the appellate court rejecting the reasoning of the trial court and expressly adopting the principles of *Gramford Realty Corp.* and *Maxwell. Id.* 79 *Misc.* 2d 907, 362 *N. Y. S.* 2d 728, 729 (App. T. 1974).

In urging adoption of the approach taken in *Gramford Realty Corp.* and *Maxwell,* I hasten to indicate that the inconvenience suffered by the landlord under this ruling need not be great. For instance, if the tenant continues to withhold rent improperly, at the conclusion of the next rental period and after giving adequate notice, the land-

lord may then file a *new* complaint pursuant to the summary dispossess statute. This complaint, however, would be based on only those arrearages which have accumulated in the last few months of the prior period. On the other hand, if the tenant resumes full payment of current rental charges, the landlord nonetheless retains his right to sue for a money judgment for the arrearages. It is well settled that matters adjudicated in a summary action for possession under *N. J. S. A.* 2A:18–53 are not *res judicata* in a subsequent proceeding between the landlord and tenant. *Cf. Vineland Shopping Center, Inc. v. DeMarco, supra,* 35 *N. J.* at 462; *Levine v. Seidel,* 128 *N. J. Super.* 225, 230 (App. Div. 1974); *Academy Spires, Inc. v. Jones,* 108 *N. J. Super.* 395, 400 (App. Div. 1970); *Schlesinger v. Brown, supra,* 116 *N. J. Super.* at 502.

## II

Because I hold that the County District Court lacked subject matter jurisdiction over this action, I find it unnecessary to reach the remaining issues posed by this appeal. Nevertheless, since the majority has chosen to address these issues, I will assume, *arguendo,* that the District Court did have subject matter jurisdiction so that I, too, may comment upon them.

## A

First, the Court rejects defendant's contention that plaintiff was estopped from bringing this summary dispossess action by reason of "prejudicial delay." I find the majority's reasoning on this point to be unpersuasive.

The majority suggests that defendant could have avoided any such prejudice by placing her rental money in escrow during the "rent strike." *Ante* at 296. This suggestion ignores the fact that defendant is an individual of limited financial means for whom legal advice is not readily available. Consequently it is not altogether clear whether

she was even aware of the escrow account device. In addition, had plaintiff not delayed in filing this action, defendant may have been able to pay her existing debts, and in such manner, avoided dispossession altogether.[3] By waiting a substantial period of time before filing suit, the landlord foreclosed this possibility. *Maxwell v. Simons, supra,* 353 *N. Y. S.* 2d at 591, 592; *Gramford Realty Corp. v. Valentin, supra,* 337 *N. Y. S.* 2d at 162; *City of New York v. Betancourt, supra,* 359 *N. Y. S.* 2d at 709.

Where the rent is paid in full prior to the entry of judgment, the action for summary dispossession terminates. *N. J. S. A.* 2A:18–55; *Saveriano v. Saracco,* 97 *N. J. Super.* 43 (App. Div. 1967); see also *Vineland Shopping Center, Inc. v. DeMarco, supra; Ivy Hill Park v. Handa,* 121 *N. J. Super.* 366 (App. Div. 1972). Similarly, if the defendant is able to deposit the full amount of unpaid rent with the court on the date of the hearing, she also may be able to assert a defense under *Marini v. Ireland, supra,* 56 *N. J.* at 146–147 (failure of landlord to make repairs). In this respect, the housing authority's unexplained delay in filing suit may have so prejudiced defendant as to give rise to an equitable defense of laches. *McLaughlin v. Dredge Gloucester,* 230 *F. Supp.* 623, 629 (D. N. J. 1964); *Auciello v. Stauffer,* 58 *N. J. Super.* 522, 530 (App. Div. 1959). It is now well settled that in ruling upon actions for dispossession, the District Court must give due consideration to all such equitable defenses. *Marini v. Ireland, supra,* 56 *N. J.* at 139–140; *Vineland Shopping Center, Inc. v. DeMarco, supra,* 35 *N. J.* at 469; *Carteret Properties v. Variety Donuts, Inc.,* 49 *N. J.* 116, 124 (1967).

Also, with respect to the issue of prejudicial delay, the majority observes that "the election as to when to avail it-

---

[3]Apparently, defendant did pay into court an amount equal to her rent arrearages for two months. Had plaintiff been barred from bringing this action with respect to all arrearages which extended back beyond two months, defendant would, in fact, have been able to satisfy the requirements of *N. J. S. A.* 2A:18–55.

self of its statutory remedies was for [plaintiff] alone."
*Ante* at 296. This is not completely accurate, since no plaintiff is entirely free to choose when he may initiate a law suit. Plaintiffs are always subject to restraints imposed upon them by the civil doctrine of limitations and the equitable doctrines of laches and estoppel. Moreover, the majority fails to address the imposition of additional equitable and fiduciary responsibilities on public housing authorities, which would not otherwise be required of private landlords. Housing authorities must fulfill the dual roles of landlord and governmental anti-poverty agency; private landlords need only fulfill the former. 42 *U. S. C. A.* § 1401 *et seq.*

### B

Second, the Court rejects the related contentions of defendant that plaintiff has no statutory right of appeal and that, in any event, the landlord failed to establish "lack of jurisdiction" in the County District Court. I am in substantial agreement with the majority's disposition of this corollary issue.

Summary dispossess actions, though not otherwise appealable, may be appealed on the ground of lack of jurisdiction. *N. J. S. A.* 2A :18–59. *See Vineland Shopping Center, Inc. v. DeMarco, supra,* 35 *N. J.* at 462. I agree that this right extends to landlords as well as to tenants for the reasons set forth in Part II of the majority's opinion.[4]

### C

Third, the majority holds that the trial judge did not have jurisdictional authority to issue the stay. *Ante* at 300–301.

---

[4] In the instant case, the landlord did raise a jurisdictional issue by challenging the trial judge's statutory authority to stay the issuance of the warrant of removal. As was held in *Ivy Hill Park v. Handa, supra,* 121 *N. J. Super.* at 367; "a jurisdictional question *is* raised [when] it is contended that the provisions of the controlling statute were not complied with. *Leachman v. Kite,* 133 *N. J. L.* 240, 241 (Sup. Ct. 1945)."

I agree with the majority that no expressed authority for the trial judge's action may be found in the statute under which this action was brought. *N. J. S. A.* 2A:18–53 *et seq.* I further agree that the "carefully circumscribed statute" permitting a judge to stay a warrant for removal from dwelling premises for up to six months where it appears that hardship will result (*N. J. S. A.* 2A:42–10.1, 10.6) does not apply to the judge's order in the instant case. However, I do not agree that the trial judge is without power to issue this stay.

Surely, the Legislature could not have intended, as the majority suggests, that "stays or warrants for removal in situations not coming within the [very limited] prescription of [*N. J. S. A.* 2A:42–10.1, 10.6[5]] are invalid as beyond the jurisdiction of the court," without any exception

---

[5]*N. J. S. A.* 2A:42–10.1 provides:

Notwithstanding any other provisions of law, in any action brought by a landlord against a tenant to recover possession of premises or unit used for dwelling purposes, to which this act is applicable, whether by summary dispossess proceedings, civil action for the possession of land, or otherwise, the judge of the court having jurisdiction shall use sound discretion in the issuance of a warrant or writ for removal or writ of possession, and if it shall appear that by the issuance of the warrant or writ the tenant will suffer hardship because of the unavailability of other dwelling accommodations the judge may stay the issuance of the warrant or writ and cause the same to issue at such time as he shall deem proper under the circumstances, but in no case shall such judge stay the issuance of any such warrant or writ for possession for a longer period than 6 months after the date of entry of the judgment of possession: provided, however, that in no case shall the issuance of the warrant or writ be stayed or the stay thereof be longer continued, as the case may be, if the tenant should (a) fail to pay to the landlord all arrears in rent and the amount that would have been payable as rent if the tenancy had continued, together with the accrued costs of the action; or (b) during the stay, fail to continue to pay to the landlord the amount of rent that would be due if the tenancy had continued; or (c) during the stay, become so disorderly as to destroy the peace and quiet of the other tenants living in the same building or in the neighborhood; or (d) during the stay, willfully destroy, damage or injure the premises. *L.* 1956, *c.* 81, p. 168, § 1.

to account for equitable considerations. For example, stays under this statute are unavailable to residential tenants who are unable to repay their arrearages in full. Nevertheless, one could readily imagine a set of circumstances in which general principles of fairness and justice would cry out for some temporary postponement of removal, even though the tenant is unable to assure full payment of the arrearages.

Contrary to the majority, I find that trial judges do possess the necessary authority to issue stays and otherwise to deal with hardship situations. Such authority emanates from their inherent equitable power to control the disposition of cases before them. *Karel v. Davis,* 122 *N. J. Eq.* 526, 528 (E. & A. 1937). "[I]t is fundamental that a court controls the enforcement of its own judgments." *Joseph Harris & Sons, Inc. v. Van Loan,* 23 *N. J.* 466, 469 (1957). Implicit in this control is the power to issue stays of its own orders where justice so requires. See *R.* 4:50–1(f); 6:6–1. In one recent summary dispossess action, the court assumed such powers without any expressed statutory authority:

> [W]hen the tenant elects to remain in possession the county district court has ample power, when the landlord seeks possession for nonpayment of rent, to offer him the choice between vacating or paying, not what his lease expressly recites but what, in view of the landlord's breach, he truly owes. Any dissatisfaction with the result by either party may be remedied by an independent action for damages in which neither side is bound by any determination made in the summary action for possession. *Van Vlaanderen Machine Co. v. Fox, supra.* [*Academy Spires, Inc. v. Jones,* 108 *N. J. Super.* 395, 403 (App. Div. 1970)].

Faced with a set of circumstances similar to that in the case at bar, a New York court observed:

> Courts generally exercise solely the powers specifically assigned to them. Nevertheless, it is settled that inherent in the very power to act as a court is the further power to regulate litigation for the purpose of preventing abuses, correcting wrongs, and promoting the fair administration of justice. That is why a court may refuse to admit evidence improperly procured, * * * or vacate a judg-

ment obtained by fraud although in other circumstances the court would long since have lost jurisdiction, \* \* \* or dismiss a complaint where the plaintiff commits patent perjury. \* \* \* [*Gramford Realty Corp. v. Valentin, supra,* 337 *N. Y. S.* 2d at 162; citations omitted].

The majority itself admits that examination of the pertinent statutes does not necessarily foreclose the search for authority:

The foregoing is not to say that the court does not have inherent discretion, as district court judges have assumed for decades, to stay the warrant for a reasonable time to permit a tenant in distressed circumstances to arrange for his voluntary removal from the premises. [*Ante* at 300–301].

Having made this statement, the court fails to look further and instead concludes that the authority assumed by the trial judge in this case was not within the contemplation of the statute.

In contrast, I find ample authority for the trial judge's action. I also find that his action was not an abuse of discretion. The trial court's order is sufficiently justified by numerous equitable considerations, including the length of the delay in the filing of this suit, the current unavailability of decent housing and, finally, the relative willingness of defendant and unwillingness of plaintiff to reach a compromise settlement despite the tenant's poverty.

Finally, I note that the majority relies on two recent Appellate Division decisions vacating a trial judge's order staying issuance of a warrant for possession in a summary dispossess action. *Ivy Hill Park v. Handa, supra* (2½ month stay not conditioned on payment of past and future rent); *Charlie Collins Chevrolet v. Zebrowski,* 130 *N. J. Super.* 116 (App. Div. 1974) (two month stay with regard to commercial rather than residential property). To the extent that these opinions ignore the inherent equitable power of courts to control their own dispositions and instead find that they "cannot infer *any right* in the trial court to withhold the premises from the landlord on any theory of hard-

ship to the tenant unless there is a statutory basis therefor," I must expressly reject them and part company with my Brothers of the majority.

### CONCLUSION

To restate my position — because the plaintiff failed to undertake prompt institution of this action, it may not now take advantage of the summary proceeding for dispossession. Consequently, the County District Court did not have subject matter jurisdiction over this action.

Even if the Court did have jurisdiction over the case, I would find that the trial judge did not exceed his authority under the inherent equitable power of courts to control their own judgment when he issued the stay in this case.

For all the reasons noted, I would vacate the judgment of possession and dismiss without prejudice. The majority has chosen not to do so; I must dissent.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*For reversal*—Justice PASHMAN—1.