Irving Younger, J.
Each of these three tenants has occupied his apartment at 146 West 80 Street for several years. The rent *785 of one (I assume without deciding) is $18 per week, of another $10, and of the third, $12. In June, 1971, ownership passed to the present landlord, who immediately ceased to demand the rent. The tenants paid nothing. In June, 1972, the landlord billed them for the total amount then accrued: $900 for one, $500 for another, and $564 for a third. None of the tenants possessed so large a sum. The bills went dishonored, and, in July, 1972, the landlord commenced summary nonpayment proceedings.
The tenants urge that, by reason of its delay in seeking payment, the landlord is now equitably estopped to collect the rent. They rely upon Midman Realty Corp. v. Kane (N. Y. L. J., Jan. 20, 1971, p. 19, col. 4 [Civ. Ct., N. Y. County]). But there the tenants had tendered the rent. Here they have not. Midman is therefore inapposite, in consequence of which these appear to be cases of first impression.
Equitable defenses may be raised in a summary proceeding (Real Property Actions and Proceedings Law, § 743) and the testimony before me suggests that the landlord’s sloth was calculated to make it impossible for the tenants to remit the amounts ultimately accumulated, thereby accomplishing their eviction without benefit of the certificate required by section 51 of the New York City Rent, Eviction and Rehabilitation Regulations. A suggestion is not a demonstration, however, and I am unable to find on the present record (developed, as always in summary proceedings, without the aid of the discovery devices available in other forms of civil litigation) that this was indeed the landlord’s motivation. Hence I conclude that the tenants have failed to make out their defense of equitable estoppel.
By no means does it follow that the landlord must have judgment. These cases raise another issue: the issue of the court’s responsibility to supervise the business before it.
Courts generally exercise solely the powers specifically assigned to them. Nevertheless, it is settled that inherent in the very power to act as a court is the further power to regulate litigation for the purpose of preventing abuses, correcting wrongs, and promoting the fair administration of justice. That is why a court may refuse to admit evidence improperly procured, McNabb v. United States (318 U. S. 332, 340 [1943]) or vacate a judgment obtained by fraud although in other circumstances the court would long since have lost jurisdiction, Papp v. Maffei (64 Misc 2d 739 [Civ. Ct., N. Y. County, 1970]), or dismiss a complaint where the plaintiff commits patent perjury. (DuBose v. Velez, 63 Misc 2d 956 [Civ. Ct., N. Y. County, 1970].)
*786 So here. The chief characteristic of a summary proceeding is urgency. Pleadings are minimal. (Real Property Actions and Proceedings Law, §§ 741, 743.) Discovery is virtually nonexistent. (CPLR 408.) Relative to every other kind of commercial lawsuit, trial is instant. The purpose of a summary proceeding is to secure a swift determination of the landlord’s claims against the tenant, and, if those claims are well founded, forthwith to restore the landlord to possession. (Reich v. Cochran, 201 N. Y. 450, 454 [1911]; DeVita v. Pianisani, 127 Misc. 611, 614 [App. Term, 1st Dept., 1926].) But what in these three cases warrants summary disposition forthwith restoring the landlord to possession when the landlord has himself done nothing for a year? Although the statute contains no express grant of authority to dismiss on this ground, there are somé outrages not even a Judge can ignore. My power to act is inherent in the Civil Court’s power to entertain summary proceedings. It is a power to supervise, a power I exercise by dismissing the petitions.
I hold that, by its excessive delay, the landlord has forfeited the right to resort to summary proceedings. In my view, subdivision 2 of section 711 of the Real Property Actions and Proceedings Law says nothing to the contrary. It provides that “ the landlord may waive his right to proceed upon this ground [nonpayment of rent] only by an express consent in writing to permit the tenant to continue in possession.” Taken in context, this is merely a Statute of Frauds designed to prevent a tenant’s prevaricated assertion that the landlord orally waived the rent. It has no application to the present situation, where the tenants make no claim of waiver but rather I conclude that the landlord has perverted the device of summary proceedings.
Since I do not decide that the landlord has waived the accrued rent, this dismissal is without prejudice to an ordinary action by the landlord to collect it and to the assertion by the tenants of whatever defenses they may have, including the defense of equitable estoppel.
Finally, I point out that this decision does not apply to the rents becoming due after the landlord, by commencing these proceedings, evinced his interest in summary resolution of his claim against the tenants. It was agreed by counsel that those subsequently accrued rents would be in issue before me. I find that the landlord has never demanded them. (Real Property Actions and Proceedings Law, § 711, subd. 2.) Accordingly, to the extent that the petitions have been deemed amended to refer .to rents for the period from June 21,1972, ¡to September 11, *787 1972, they are dismissed without prejudice to the landlord’s bringing new summary proceedings after appropriate demand is made upon the tenants.