George M. Fleary, J.
These are proceedings wherein the landlord sues for an accumulation of rent over a period of many months. The evidence shows that the rented premises had a number of violations and, also, a lack of essential services. Accordingly, the tenants applied the rent moneys to the correction of the violations and restoration of services. The landlord in Action No. 1 sues after waiting 10 months, in summary proceedings, for all rents accumulated. He seeks payment of $1,030 or possession of the premises upon failure to pay. The proceeding also involved three other tenants similarly situated.
In the Heminway matter, the landlord sues for a total of eight months’ arrears amounting to $824. In the McFarland case, the landlord sues for a total of eleven months’ arrears amounting to $1,540 and in the Edwards case, the landlord sues for a total of eight months’ arrears amounting to $720. It is agreed that a decision in one case shall apply to the others.
Section 711 of the Real Property Actions and Proceedings Law provides the grounds wherein a landlord may evict a tenant for nonpayment of rent. This section was derived from section 1410 of article 83 of the Civil Practice Act, which was added to the Civil Practice Act by section 15 of chapter 199 of the Laws of 1921, which, except for some minor variances, is the same substantive law as provided in the current section 711 of the Real Property Actions and Proceedings Law.
Some landlords delay many months in instituting a suit for nonpayment, particularly in situations where their tenants are in the lower socio-economic segment of our society, in the expectation that such tenancy will be terminated (after the usual five-day stay) by the eviction of said tenant for the failure to pay large arrears in rent.
The theory under which such landlords operate is that the courts will act as the vehicle to remove tenants from possession. This court feels such action is not only unjust and unfair but is a violation of the legislative intent of the above statute.
Summary proceedings originally were not brought for the recovery of rent but solely for the recovery of the demised premises. (People ex rel. Terwillinger v. Chamberlain, 140 App. Div. 503 [1910].)
However, express provision of the statute permits a judgment for the rent to be obtained. The remedy contemplated by article 83 of the Civil Practice Act is not the common-law ejectment but is intended to place the landlord in a position to compel the payment of his rent or be restored to possession *186 so that he may rent the premises to persons who will pay. (Matter of Flewwellin v. Lent, 91 App. Div. 430 [1904].)
In any event, the proceeding is intended to he summary and the statute must be so construed as to carry out its intent. (People ex rel. Allen v. Murray [1893] 2 Misc 152, affd. 138 N. Y. 635.)
■The statute relating to summary proceedings was designed to provide the landlord with a simple, expeditious and inexpensive means of regaining possession of his premises in eases where the tenant refused, upon demand to pay rent or where he wrongfully held over without permission after the expiration of his term. (Reich v. Cochran, 201 N. Y. 450 [1911].)
A short reference to the history of the statute relating to summary proceedings and to the provisions of the statute as it now stands will serve to show what we think is meant by the legislative intent herein.
Prior to 1820, the only remedy which a landlord had was by action in ejectment. That was, of course, an expensive and dilatory proceeding which, in many instances amounted to a denial of justice. By degrees, the remedy has been extended until the statute now covers a variety of cases such as holding over after title has been perfected under a sale on execution, or under foreclosure, or under agreement to work land on shares, or where property has been squatted upon, or where an owner or tenant of premises in the neighborhood of premises used or occupied as a bawdy house is authorized to institute proceedings. All these different cases are provided for in the old Code of Civil Procedure (ch. 17, tit. 2 which embraces § 2235). The effect of the various revisions was to bring summary proceedings within the range of our remedial procedure. They are still statutory proceedings in the prosecution of which the requirements of the .statute must be met and they are usually instituted in courts of circumscribed jurisdiction where the right to act depends upon the sufficiency of the record. (Reich v. Cochran, supra, at pp. 454, 455.)
This court has come to the conclusion that a period of three months is sufficient for the landlord to sue to evict his tenant. Such a three-month period of time was concluded in the opinion of the State Rent Administrator where, in November, 1950 in Opinion No. 64 in a case involving substantial obligation, he held three months to be the period of time which was controlling.
Many present day leases and mortgages permit the re-entry and possession or ejectment where 60 days have elapsed in the *187 payment of interest and/or taxes. This was provided for by our legislators under section 1410 of the Civil Practice Act.
It is interesting to note that also under current Rent Control Laws and Regulations, a rent controlled premises becomes decontrolled automatically upon the tenant’s removal from a rent controlled apartment. This would take place either under voluntary remand or under a suit as in the case at bar, where landlords seek to evict the tenants for nonpayment of rent.
The fact that the landlord has commenced actions at law for all rents in arrears at the time a summary proceeding for the nonpayment of rent was commenced was held not to constitute a bar to the summary proceeding on the ground of election of remedies. (Hutton v. Malkin, 138 Misc. 560 [1930].) Conversely, the landlord’s right to sue the tenant for arrears under a contract cause of action remains inviolate, where, as in this case, the landlord sought summary proceedings first. The causes of action for arrears in rent for more than three months should be commenced by an action at law in the other part of this court where a money judgment only can be rendered and not in the landlord and tenant portion of this court where an eviction can take place. It is unconscionable for a landlord to permit his tenant to amass large sums of arrears, which total the tenant cannot be expected to pay in one lump sum within five days. This is true especially in cases where an eviction order would mandate a decontrolled apartment status through the operation of the court’s eviction order.
Accordingly, I have rendered judgment in favor of the landlord in each of the above cases for a three-month period immediately prior to the commencement of the action as demanded in the within petition and precept and have dismissed the suit for all prior months with leave to sue in the proper forum.
This court is mindful of the ancient prohibition against splitting causes of action.
The Maxwell v. Simons decision sets a limit on the time within which a summary proceeding can be brought to collect rent. It establishes a reasonable time to be a period of three months. It does not propose to split causes of action. The petitioner may cause his proceeding to be brought within the time limited, that is, the three-month period, and the full matter can be finally determined.
In Kennedy v. City of New York (196 N. Y. 19) the Court of Appeals there stated that in this jurisdiction it is the rule, settled by long acquiescence, that where several sums or installments are due upon a single contract, they must all be united *188 in one action; and if several .suits are brought upon such an indivisible contract, for separate installments after all are due, a recovery upon one will be a bar as to the others. The court stated that the reason for this rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice. At page 22 the court emphasized, however, that the rule applies only to such claims as are “ single, entire and indivisible.”
The court in that case stated in the majority opinion (p. 25):
‘ ‘ Upon principle and authority we conclude that a tenancy from year to year, created by the tenant’s holding over after the expiration of his original term, is a new term for each year of such holding over, upon the terms of the .original lease so far as they are applicable to the new relation. It follows that a claim for unpaid rent of each year of such a holding over creates a separate and distinct cause of action. That such separate cause of action may be joined in one suit cannot be doubted, but it is equally clear that each may be made the subject of an independent action. The plaintiff might have grouped his several causes of action in a single suit, but he was not obliged to do so, and in bringing separate suits he was strictly within his rights.”
Therefore, this court feels that its decision in the various Maxwell cases does not violate the prohibition against splitting causes of action.