Bentley Kassal, J.
The essential issue on this motion is what are the specific parameters of the Gramford decision {infra) as it relates to the jurisdiction of this court in nonpayment summary proceedings.
The tenant moves to dismiss the petition upon the grounds that the petitioner herein seeks seven months’ rental arrears. Tenant contends that such delay in instituting this proceeding constitutes a waiver of the right to utilize summary proceedings (citing Gramford Realty Corp. v. Valentin, 71 Misc 2d 784; Maxwell v. Simons, N. Y. L. J. March 30, 1973, p. 18, col. 1; and 142 Equities v. Stokes, N. Y. L. J., Sept. 12, 1973, p. 20, col. 1).
Petitioner argues since there had been a prior nonpayment proceeding against this tenant for three of the seven months now claimed, which had been withdrawn by petitioner’s previous attorney because of jurisdictional defects, the rule in the Gram-ford case should not automatically operate as a bar to the use of summary proceedings for arrears greater than three months. It contends that the individual facts in every case should be examined to determine the application of such waiver of summary proceedings.
I have previously expressed my 'agreement orally, while on the bench, and in the opinion in United Artists Corp. v. 731 Seventh Ave. Rest. (75 Misc 2d 717), with the reasoning of my colleagues on the Civil Court bench in the Gramford decision *1046 and its progeny, but I do not feel that the facts presented on this motion support dismissal of these proceedings at this stage.
In Maxwell v. Simons {supra) Judge Fleary carefully outlined the history and purpose of summary proceedings, for nonpayment of rent, and it is unnecessary to repeat that discussion. However, a short factual review of the recent cases dealing with this issue would be in order.
In the iMaxwell case, three nonpayment petitions were brought for 10, 8, and 11 months, respectively. The court concluded that the use of summary proceedings to .obtain the eviction of these tenants for failure to pay lump sum judgments, after the landlord had permitted the tenant to accumulate large rental arrears, was a violation of the legislative intent of the Real Property Actions and Proceedings Law. Under those facts, the court concluded that “a period of three months is sufficient for the landlord to sue to evict his tenant ”. The court, therefore, rendered judgment for the landlord for the three months’ rent immediately prior to the commencement of the action and dismissed the proceedings as to further arrears with leave to commence an action at law for the balance.
Thé procedure outlined by Judge Fleary is not inconsistent with the result reached by Judge Younger in the Gramford case. In that case, the parties had stipulated that subsequently accruing rents, covering 13 weekly rental installments or just under 3 months, would be added to those claimed in the petition. The court expressly limited the dismissal because of1 delay to those rents claimed in the original petition, while retaining jurisdiction with respect to the subsequently added rental periods.
In City of New York v. Romero (N. Y. L. J., Nov. 15, 1973, p. 18, col. 5) Judge Kraf dismissed a petition brought for 17 months’ arrears. In 142 Equities v. Stokes {supra), Judge Levy dismissed a petition brought for 20 months, without prejudice to commencement of summary proceedings for three months’ rent or an action at law for the full amount claimed.
The “three-month rule” of Maxwell v. Simons (supra) should not be interpreted inflexibly, but rather should be treated as establishing a presumption. In most instances a three months’ cutoff would prevent the accumulation of large sums of rental arrears, while permitting a landlord, moving with reasonable dispatch, to enforce his rights under the statute. Where tenants can demonstrate a plan or scheme on the part of the landlord to use nonpayment proceedings to effect a decontrol of a rent-controlled apartment or some similar purpose for *1047 which these proceedings were not intended, the landlord should only be permitted to use summary proceedings for the most recent month’s rent. Of course, where tenants show facts sufficient to prove another basis for equitable estoppel even one month might not be recoverable. (Cf. Gramford Realty Corp. v. Valentin, supra.)
Conversely, the three-month rule should not be an automatic and conclusive bar to landlord’s further recovery, but merely shifts the burden to him to show reasonable diligence in bringing the proceeding.
Where a landlord was unable to commence nonpayment proceedings for a substantial period of time, due to the fact, that the premises were under the control of a court-appointed administrator or receiver who had the sole power to collect rent, it has been held that the Gramford principle did not apply. (Malek v. Cruz, 74 Misc 2d 448.) In that case, Judge Blyh found that the landlord had not waived his right to the use of summary proceedings and gave judgment for arrears accumulating over a period of three years. Similarly, in United Artists Corp. v. 731 Seventh Ave. Rest. (supra) the tenant failed to pay rent for eight months during the pendency of a holdover proceeding brought by the landlord. After dismissal of the holdover proceeding, this court permitted the landlord to maintain a nonpayment summary proceeding for the entire period that the prior proceeding was pending as well as subsequently accruing rents. Such delay might also be excused by the landlord’s good faith reliance on representations by the tenant. Furthermore it is conceivable that the tenant, .under other circumstances, might be otherwise equitably estopped from raising this defense.
In this motion, neither party has offered sufficient evidence to remove this proceeding from the “ three-month rule ” either by way of limitation or extension. Accordingly, the motion to dismiss is denied without prejudice to a renewal at the end of the trial.
Tenant has also made a motion for leave to employ pretrial discovery procedures in the event that the motion to dismiss is denied. This is also denied. The nature and purpose of summary proceedings are such that disclosure should be granted only when ample need is shown. (Dubowsky v. Goldsmith, 202 App. Div. 818.)
Tenant’s requests for disclosure are specifically in regard to her defenses under section 755 of the Real Property Actions and Proceedings Law and section 302 of the Multiple Dwelling Law, based upon the existence of dangerous and hazardous conditions, *1048 failure of the landlord to provide essential services and the existence of rent impairing violations. The tenant herself is the best witness of such conditions, and rent impairing violations, by definition, are matters of record.
The issues thus are narrow and any ambiguity in the petition may be clarified by a bill of particulars, which is not disclosure, but merely an amplification of the pleadings. (Matter of Western Print. & Litho. Co. v. McCandlish, 55 Misc 2d 607.) Therefore, no appropriate basis for this extraordinary relief has been demonstrated.
Accordingly, both motions are denied and the stay is vacated forthwith. Trial will proceed on December 26, 1973, at Part 49 of this court.