Irving Smith, J.
The respondent seeks by motion brought on by an order to show cause to vacate a final judgment of eviction granted on default and to dismiss the petition. The motion *147 to open the default is granted. The motion to dismiss the petition is denied. The respondent is given leave to serve and file a written answer on or before July 31, 1974. The proceeding is set down for trial for August 7,1974. The affidavit in support of the motion and the affidavit in opposition clearly indicate that the tenant was ill and in and out of the hospital for a considerable period of time prior to the institution of this proceeding and set forth excusable grounds for opening a default. Further facts set forth warrant a trial of this proceeding.
Petitioner seeks to recover rent arrears in the sum of $2,194.98 representing unpaid monthly rent for a period of almost three years. A final judgment for possession but not for the arrears was rendered.
Respondent is a tenant at premises at 104 West 90th Street owned by the petitioner the City of New York at a rental of $97.75 a month. Respondent’s Exhibit No. 1 is an incomplete and often illegible purported photocopy of the record of rent payments made by the respondent over a period of three years. These records seem to indicate sporadic payments by the respondent over that period. It also seems to indicate payment of rent by the respondent since April, 1974.
It appears from the affidavits submitted by both parties to this proceeding that respondent has been seriously ill for some time, has suffered mental breakdowns and has been receiving social service checks for the .rent. Petitioner alleges that the reason .it allowed almost three years to elapse before this proceeding was initiated was because it did not wish to evict “ a woman in her condition.”
Section 711 of the Real Property Actions and Proceedings Law provides the grounds wherein a landlord may evict a tenant for nonpayment of rent.
Recent decisions by the trial courts have shown a reluctance to allow landlords to use summary proceedings where they permit the unpaid rent to accumulate for a prolonged period. (Gramford Realty Corp. v. Valentin, 71 Misc 2d 784; Maxwell v. Simons, 77 Misc 2d 184; City of New York v. Romero, N. Y. L. J., Nov. 15, 1973, p. 18, col. 5; Midtown Props. v. Trebotica, N. Y. L. J., June 25, 1974, p. 15, col. 1; et al.) These cases have advanced the notion that the chief characteristic of a summary proceeding is urgency, and that summary disposition is not warranted where the landlord has himself done nothing for a prolonged period. (Gramford Realty Corp., supra.) Moreover, they have argued that some landlords deliberately delay *148 for many months in instituting a proceeding for nonpayment particularly where their tenants are in the lower socio-economic segment of society in the expectation that the tenant will be evicted for failure to pay large arrears in rent (Maxwell, supra).
While these cases concede that there is no express grant of authority in the statute to dismiss on these grounds they justify the court’s power to do so on some tenuous, esoteric and all-encompassing principle of the inherent power of the court to prevent injustice (Gramford Realty Corp., supra). This court is not persuaded by the reasoning that a landlord’s delay in initiating a proceeding is owing to some nefarious scheme and design to evict the tenant unjustly; nor is it persuasive that a tenant who squanders his rent money and, therefore, subjects himself to eviction is unjustly injured and must be protected by some inherent power of this court.
While this court is not unmindful of these recent decisions, it can find no statutory authorization to dismiss a petition for nonpayment of rent on the grounds that- the landlord delayed in commencing the proceeding. Had the Legislature so intended, it would have provided a statutory period for commencing a summary proceeding.
The affidavits of both parties to this motion are replete with the suggestion that the landlord’s forbearance was nobly and humanely motivated. To penalize the landlord for such patience would be unjust as well as ultra vires. Such injustice is apparent inasmuch as a plenary action in this case would at best be illusory since the tenant’s income is obviously such that any judgment would be virtually uncollectible.
There may be instances in which a landlord would purposefully delay many months in instituting a proceeding for nonpayment hoping to terminate the tenancy by eviction where the tenant is unable to pay large arrears in rent. In that event the onus to prove the landlord’s ulterior motive or design should fall on the tenant who has the right to interpose equitable defenses (Real Property Actions and Proceedings Law, § 743).
There is, however, further question in the court’s mind as to the amount actually due to the landlord.
It is therefore in the interest of justice that a trial be had on the issue of the amount due and any other defense which the tenant may have in this proceeding.