Per Curiam.

In this nonpayment summary proceeding brought in May of 1974, the petition is based on claimed arrears of $1,412.98 as of ‘September, 1973, and $97.75 per month for the period between October, 1973, and May, 1974, inclusive. The record makes clear that over $1,100 in arrears has existed continually since May of 1971, and that, in the interval, the city has accepted monthly payments on account of the rent as it accrued. In its affidavit in opposition to the motion under review, the city states that it withheld bringing the proceeding earlier *908 because tenant was in and out of hospitals, and because the city expected the rent to be paid by the Department of Social Services. In this fact pattern, it may be. inequitable to grant the city final judgment of possession based on the arrears (Zaccaro v. Congregation Tifereth Israel, 20 N Y 2d 77, 80; Susquehanna S. S. Co. v. Andersen & Co., 239 N. Y. 285, 292, 294; Eastern Shopping Centers v. Trenholm Motels, 33 A D 2d 930, 931-932; see, also, Matter of Malloy, 278 N. Y. 429, 433; Woollard v. Schaffer Stores Co., 272 N. Y. 304, 312-313; Ireland v. Nichols, 46 N. Y. 413, 416; cf. Swinger Realty Corp. v. Kizner Imports, 70 Misc 2d 742; Real Property Actions and Proceedings Law, § 711, stibd. 2).
The equitable defense of laches (Real Property Actions and Proceedings Law, § 743), if established on the trial (Eastern Shopping Centers v. Trenholm Motels, supra, p. 932), would be a bar to a final judgment of possession founded on the stale demand (Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123, 125; Prouty v. Drake, 18 Misc 2d 887, 890-891).
At common law, the only remedy to regain possession of real property was ejectment (Butler v. Frontier Tel. Co., 186 N. Y. 486; Michaels v. Fishel, 169 N. Y. 381, 388-390). Summary proceedings were introduced as a supplement to provide an expeditious method of regaining possession in specified situations (Real Property Actions and Proceedings Law, § 747; Reich v. Cochran, 201 N. Y. 450; Bridge Hardware Co. v. Disosway & Fisher, 199 Misc. 259, 261, affd. 278 App. Div. 812). Where a landlord fails for a substantia] period of time to avail himself of this added remedy to the detriment of the tenant, he is no longer entitled to the summary relief as to the stale claims.
However, where demand for a money judgment is made in the petition and notice of petition, the petition need not be dismissed in respect of the stale claim (CPLR 103, subd. [c]; Automobile Warehouse Sales Co. v. Altobell Trucking Co. [App. T. 1st] N. Y. L. J., June 27, 1974, p. 11, col. 8, mot. for lv. to app. den. by App. Div., Sept. 20, 1974). As to the stale claim, this litigation may be deemed an action at law.
As to such portion of the unpaid rent which is not stale, a final judgment of possession may issue. The entire relief granted should be embodied in a single final judgment (Real Property Actions and Proceedings Law, § 747).
Order insofar as appealed from affirmed without costs. Let the trial proceed on a date to be fixed by the Civil Court.
Concur; Markowitz, P. J., Dudley and Frank, JJ.