OPINION OF THE COURT
Martin Klein, J.
Respondent’s motion is decided as follows:
The action is restored to the calendar of May 24,1982 for a hearing and trial at which time a determination will be made as to whether or not the demands for any rentals accruing from May, 1980 through October, 1981 are stale pursuant to the guidelines herein set forth. The proceeding for collection of any rent determined to be stale will be an action at law for money only, and all counterclaims by the respondent for said period will be dismissed pursuant to respondent’s motion.
*212 The doctrine of “stale rent” has developed through four leading cases. In Gramford Realty Corp. v Valentin (71 Misc 2d 784), the court held that laches is an equitable defense available to the respondent in a summary proceeding under RPAPL 743. In that case, one year of nonpayment had elapsed before the landlord demanded payment. The court stated that the landlord had forfeited the right to resort to summary proceedings, since “[t]he chief characteristic of a summary proceeding is urgency” (Gramford Realty Corp. v Valentin, supra, p 786). The action was dismissed without prejudice to the landlord’s right to commence an action at law for rent only, or a summary proceeding for rent accruing after the prior summary proceeding was commenced.
In Maxwell v Simons (77 Misc 2d 184), the court held that rent accruing prior to three months before the commencement of the summary proceeding was stale. This decision prohibited the recovery of earlier, stale rent with “leave to sue in the proper forum” for rent alone. {Maxwell v Simons, supra, p 187.) That court concluded “that a period of three months is sufficient for the landlord to sue to evict his tenant” and that a longer period would be unconscionable. {Maxwell v Simons, supra, pp 186, 187.) Where “tenants are in the lower socio-economic segment of our society”, “the tenant cannot be expected to pay in one lump sum within five days” such “large sums of arrears”. (Maxwell v Simons, supra, pp 185, 187.)
In Antillean Holding Co. v Lindley (76 Misc 2d 1044, 1046) the court held that “[t]he ‘three-month rule’ of Maxwell v Simons (supra) should not be interpreted inflexibly, but rather should be treated as establishing a presumption.” Such a presumption “merely shifts the burden to [the landlord] to show reasonable diligence in bringing the proceeding”. (Antillean Holding Co. v Lindley, supra, p 1047.) Since “neither party [had] offered sufficient evidence to remove this proceeding from the ‘three-month rule’ either by way of limitation or extension”, the court denied the motion to dismiss “without prejudice to a renewal at the end of the trial.” (Antillean Holding Co. v Lindley, supra, p 1047.)
*213 In City of New York v Betancourt (79 Misc 2d 146, 148) the court found “no statutory authorization to dismiss a petition for nonpayment of rent on the grounds that the landlord delayed in commencing the proceeding”, particularly where the affidavits suggested “that the landlord’s forbearance was nobly and humanely motivated.” The court conceded that “[t]here may be instances in which a landlord would purposely delay many months in instituting a proceeding for nonpayment hoping to terminate the tenancy by eviction where the tenant is unable to pay large arrears in rent. In that event the onus to prove the landlord’s ulterior motive or design should fall on the tenant who has the right to interpose equitable defenses”. (City of New York v Betancourt, supra, p 148.) The court denied respondent’s motion to dismiss and set the matter down for a trial “on the issue of the amount due and any other defense which the tenant may have”. (City of New York v Betancourt, supra, pp 147, 148.)
The Supreme Court, Appellate Division, First Department, affirmed this order insofar as it set the matter down for a trial. (City of New York v Betancourt, 79 Misc 2d 907.) However, the Appellate Term rejected the lower court’s statement of the law of laches. “The equitable defense of laches * * * if established on the trial * * * would be a bar to a final judgment of possession founded on the stale demand * * * Where a landlord fails for a substantial period of time to avail himself of this added remedy [to wit, summary proceedings for possession] to the detriment of the tenant, he is no longer entitled to the summary relief as to the stale claims.” (City of New York v Betancourt, supra, p 908.)
The Appellate Term further held that the procedure to be followed is:
“[a]s to the stale claim, this litigation may be deemed an action at law.
“As to such portion of the unpaid rent which is not stale, a final judgment of possession may issue. The entire relief granted should be embodied in a single final judgment (Real Property Actions and Proceedings Law, § 747).” (City of New York v Betancourt, supra, p 908.)
*214 This court adopts the Appellate Term’s decision in Betancourt (supra) as to procedural matters, but further clarifies the law of the equitable defense of laches. As stated in New York Jurisprudence, the defense of laches is composed of four elements: “(1) conduct on the part of the defendant * * * for which the complainant seeks a remedy; (2) delay in asserting the complainant’s rights, the complainant having had knowledge or notice of the defendant’s conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event that relief is accorded to the complainant or that the suit is not held to be barred.” (36 NY Jur, Limitations and Laches, § 153, p 141.) Furthermore “[1]aches will not bar recovery where there is a reasonable excuse for one’s failure to take action in the assertion of his rights”. (36 NY Jur, Limitations and Laches, § 160, p 147.)
The tenant bears the initial burden of proving that the above four conditions are satisfied. Once they are satisfied, the burden shifts to the landlord to show that there was a reasonable excuse for the delay. If the landlord fails to meet this burden, the equitable defense of laches will bar the equitable remedy of possession in a summary proceeding as it relates to the stale rentals.
A delay of more than three months in commencing a summary proceeding based on nonpayment of rent satisfies the first two conditions. This court follows the Antillean (76 Misc 2d 1044) decision in holding that the “three-month rule” is flexible, and that the parties may submit evidence to show that the period may be "shorter or longer. The third condition of lack of notice is critical, as it was one of the factors considered in Thunderbird Realty Co. v Ahn (NYLJ, Nov. 19, 1981, p 11, col 1). In Thunderbird the defense of laches was not established since, among other reasons, the parties had been involved in “vexatious litigation” since the commencement of the rent strike. (See 177 East 90th St. v Devine, NYLJ, March 30, 1982, p 6, col 1.) This court considers an allegation that the tenant had no notice that the landlord would commence proceedings as *215 sufficient to satisfy the third condition. Evidence that the tenant is poor and has no resources with which to pay rental arrears is sufficient to satisfy the fourth condition.
Satisfaction of these four conditions then raises the presumption that the landlord is guilty of laches and that the demand for all rental arrears for the period prior to three months (or whatever other period has been established) before commencement of the summary proceeding is stale. The landlord then bears the burden of proving that there was a reasonable excuse for the delay. The landlord may also offer evidence tending to disprove the four conditions.
The court notes that the landlord in the instant case alleged in an affidavit executed on November 2,1981, that “there was a question of the registration number of the building,” which prevented commencement of an earlier action. The tenant replies that this “question” was in fact the landlord’s violation of the building code by failing to be properly registered. Once the tenant establishes the four conditions specified earlier, the landlord bears the burden of proving that there was a reasonable excuse for the delay. Whether or not the landlord’s failure to properly register a building can be advanced as an excuse for the delay depends upon the circumstances attendant thereto.
This court recognizes proof of a landlord’s ulterior motive and design as a separate and distinct argument in addition to laches to defeat the landlord’s demand for possession. (See Gramford Realty Corp. v Valentin, 71 Misc 2d 784, supra; City of New York v Betancourt, 79 Misc 2d 146, supra; 269 Associates v Yerkes, NYLJ, April 28,1982, p 11, col 1.) It is not necessary to elaborate further on this point since it was not raised by either party.
Respondent also moves to have the action dismissed because of violation of RPAPL 735 (subd 2) in that service was performed by “nail and mail” on October 8 and 9,1981, but that the affidavit of service was not filed until October 13,1981, in excess of three days later. Respondent’s allegation is without merit as October 12, 1981, the last day respondent suggests petitioner could have legally filed the papers, was a legal holiday. Petitioner complied with *216 RPAPL 735 (subd 2) in filing the papers on October 13, 1981. (See 22 NYCRR 2900.29; General Construction Law, § 25-a.)