OPINION OF THE COURT
Marcy S. Friedman, J.
Respondent moves for summary judgment dismissing this nonpayment eviction proceeding on the ground of loches. The *939 motion is granted to the extent of permitting petitioner to maintain a possessory claim solely for the three months’ rent which accrued prior to the commencement of this proceeding, and a money claim for all prior months.
The proceeding was commenced by petition and notice of petition, dated April 22, 1991. The petition claimed rent arrears of $8,200 for the 25 months from April 1989 to April 1991, at the monthly rate of $328. Respondent served an answer, dated May 21, 1991, denying the allegations of the petition and raising several affirmative defenses and counterclaims including loches and breach of the warranty of habitability.
In support of the summary judgment motion, respondent submitted an affidavit, sworn to on May 24, 1991, in which she attested to the following facts: She has lived at the premises since 1981, is 71 years old, and is indigent, subsisting on a fixed income of Social Security and Supplemental Security Income. Petitioner acquired the building in December 1988. In July 1989, without giving any reason, petitioner told respondent "that she was not going to accept any rent from [her] anymore.” Petitioner also repeatedly refused to repair serious conditions in respondent’s apartment. Finally, it would now be impossible for respondent to satisfy a judgment for the many months’ rent sought.
Petitioner’s opposition to the motion consisted solely of two affirmations of her attorney, dated May 28 and June 7, 1991. In neither affirmation did petitioner’s attorney purport to deny the facts set forth in respondent’s affidavit. Rather, he took the position that a factual dispute was raised by unsworn statements made by petitioner at conferences held before the summary judgment motion was brought. Alternatively, he appeared to argue that a loches claim cannot be disposed of on a motion for summary judgment. This contention is incorrect.
In order to obtain summary judgment, the movant must establish a cause of action or defense sufficiently, by proof in admissible form, to warrant the court as a matter of law in directing judgment. Once such proof has been offered, in order to defeat the summary judgment motion the opposing party must "show facts sufficient to require a trial of any issue of fact.” (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; Freedman v Chemical Constr. Corp., 43 NY2d 260 [1977]; Spearmon v Times Sq. Stores Corp., 96 AD2d *940 552 [2d Dept 1983].) The proof necessary to defeat a summary judgment motion must normally also be in admissible form. ” Tt is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial/ ” (Spearmon v Times Sq. Stores Corp., supra, at 553, quoting Di Sabato v Soffes, 9 AD2d 297, 301.) Thus, it has consistently been held that an affidavit by an attorney who does not have personal knowledge of the facts is insufficient, as it lacks probative value. (Zuckerman v City of New York, supra, at 563; Spearmon v Times Sq. Stores Corp., supra, at 553; Wehringer v Helmsley-Spear, Inc., 91 AD2d 585 [1st Dept 1982].) Significantly, a triable issue will not be found, even where an opposing affidavit based on personal knowledge is submitted, if the affidavit merely contains conclusory allegations. (Freedman v Chemical Constr. Corp., supra, at 264; Thailer v LaRocca, 174 AD2d 731 [2d Dept].) In summary, if the opposing party fails to submit evidentiary facts to controvert the facts set forth in the movant’s papers, the movant’s facts may be deemed admitted. Summary judgment may then be granted, as no triable issue of fact exists. (Kuehne & Nagel v Baiden, 36 NY2d 539 [1975].)
Contrary to petitioner’s contention, summary judgment is not restricted to particular categories of issues. Rather, it is appropriate whenever there is no triable issue of fact. Thus, loches claims, like any other claims, have been determined on summary judgment motions. As held in Eastern Shopping Centers v Trenholm Motels (33 AD2d 930, 932 [3d Dept 1970]), "[w]hile the determination of what is a reasonable time is usually a question of fact * * * where there are no disputed facts, what is a reasonable time becomes a question of law and the case is a proper one for summary judgment.” In the context of a summary nonpayment proceeding, this Department has specifically upheld disposition on a summary judgment motion of a loches claim based on stale rent. (Vigilance v Bascombe, NYLJ, May 25, 1989, at 30, col 1 [App Term, 2d Dept], affg NYLJ, July 27, 1988, at 21, col 5.)
In the present case, respondent has offered evidence sufficient to warrant summary judgment in her favor based on her claim of stale rent. In particular, respondent has made a showing of loches in the collection of rent, which petitioner has failed to controvert.
Under the loches doctrine, equitable relief is barred where a *941 party unreasonably or inexcusably delays in undertaking to enforce rights, with resulting prejudice to the opposing party. (Dante v 310 Assocs., 121 AD2d 332 [1st Dept 1986]; 75 NY Jur 2d, Limitations and Laches, § 330 [1989].) While the two essential elements of loches are unexplained delay and prejudice, these elements have been more specifically articulated as follows: "(1) conduct on the part of the defendant, or of one under whom he claims, giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant’s rights, the complainant having had knowledge or notice of the defendant’s conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event that relief is accorded to the complainant or that the suit is not barred.” (75 NY Jur 2d, Limitations and Laches, § 333 [1989].)
The above elements, developed outside the landlord-tenant context, have been cited approvingly in summary eviction proceedings. (Vigilance v Bascombe, NYLJ, July 27, 1988, at 21, col 5, affd NYLj, May 25, 1989, at 30, col 1 [App Term, 2d Dept], supra; Luan Wag Realty v Somoza, NYLJ, Feb. 5, 1990, at 26, col 1 [Civ Ct, NY County], revd on other grounds NYLJ, July 10, 1991, at 21, col 1 [App Term, 1st Dept]; Dedvukaj v Madonado, 115 Misc 2d 211 [Civ Ct, Bronx County 1982].) The tenant initially bears the burden of proving that the four conditions are satisfied. The burden then shifts to the landlord to show a reasonable excuse for the delay. "If the landlord fails to meet this burden, the equitable defense of loches will bar the equitable remedy of possession in a summary proceeding as it relates to the stale rentals.” (Dedvukaj v Madonado, supra, at 214.) Here, the first condition is easily satisfied, as nonpayment of rent supports a cause of action under New York law. The second condition, protracted delay, has been held satisfied by a delay of more than three months in bringing the proceeding. (Dedvukaj v Madonado, supra, at 214.) In this case, the second condition is met by the facts that petitioner waited for 25 months to bring the proceeding, and that no impediment existed to an earlier lawsuit. The third condition of lack of notice is satisfied not only by the fact that no rent was demanded and no prior proceeding for rent commenced, but also by the fact, attested to by respondent without contradiction, that petitioner affirmatively told re *942 spondent that she would no longer collect respondent’s rent. The fourth condition of prejudice has been held satisfied by evidence that the tenant is poor and no longer has the resources to pay the large rental arrears. (Vigilance v Bascombe, supra; Dedvukaj v Madonado, supra, at 215.) These facts exist in the present case.
No evidence was offered in opposition to respondent’s prima facie showing of loches. Petitioner’s reliance on statements allegedly made by petitioner at a settlement conference is unavailing. First, as this court deals with a high volume of cases, and holds conferences in well over 50 cases each week, the court has no specific recollection of any conference in this proceeding. However, even if unsworn statements were made at a conference, they would be patently insufficient as a matter of law to defeat a summary judgment motion.
As a substantive matter, respondent satisfied her burden of showing that the elements of loches were met, thereby shifting the burden to petitioner to show an excuse for the delay. As a procedural matter, respondent produced sufficient proof on papers of her loches claim to shift the burden to petitioner to show that a triable issue of fact exists, entitling petitioner to a hearing. By failing to submit any evidence to controvert the facts set forth in respondent’s papers, petitioner failed to meet both burdens. The court accordingly concludes that respondent has shown that rent claimed in this proceeding is stale under the loches doctrine, and that she is entitled to summary judgment dismissing petitioner’s possessory claim over the stale rent.
The remaining issue, then, is how many months’ rent may be sought in this proceeding. (See, Vigilance v Bascombe, supra.) Based on respondent’s proof of loches, the court concludes that petitioner may not maintain a possessory claim for rent which accrued more than three months before this proceeding was brought. Other proof in the record — most important, the extremely protracted nature of the delay, and petitioner’s long-standing neglect of repair problems in the apartment, both of which suggest petitioner’s possible desire to have respondent evicted — further support the three-month limitation.
The court notes — and review of the case law should make clear — that this limitation does not reflect application of the "three-month rule” which has been rejected by the appellate courts. Under the discredited three-month rule, delay in the *943 commencement of a summary proceeding was itself the basis for a finding that a rent claim was "stale” and therefore could not result in possessory relief. The rule was developed in an early line of cases which followed Gramford Realty Corp. v Valentin (71 Misc 2d 784 [Civ Ct, NY County 1972]). In Gramford, the court found that the tenants had not factually established a defense of equitable estoppel based on a claim that their landlord’s year-long delay in collecting the rent was calculated to cause their eviction. But the court held that the proceeding should be dismissed because the landlord had "forfeited” the right to summary relief by reason of "excessive delay.” (Supra, at 786.) After Gramford, many courts followed a per se rule based on mere delay. In the often-cited case of Maxwell v Simons (77 Misc 2d 184, 185 [Civ Ct, Kings County 1973]), the court held that a period of three months is sufficient for a landlord to sue to evict a tenant. The rationale given for this three-month rule was that greater delay is not only inconsistent with a need for summary relief but may reflect an intent on the part of the landlord to cause eviction by permitting large arrears to accrue. In another influential case, Antillean Holding Co. v Lindley (76 Misc 2d 1044 [Civ Ct, NY County 1973]), the three-month rule was again applied, though not as an "automatic” bar but rather as establishing a presumption of unreasonable delay, which shifted the burden to the landlord to show diligence in bringing the proceeding.
City of New York v Betancourt (79 Misc 2d 907 [App Term, 1st Dept 1974]) signaled a shift in the concept of stale rent. In Betancourt, without citing Gramford (supra) or Maxwell (supra), the court implicitly rejected a rule based on mere delay, and engrafted a requirement of harm to the tenant on the stale rent doctrine. The court thus held that "[w]here a landlord fails for a substantial period of time to avail himself of [the summary proceeding] remedy to the detriment of the tenant, he is no longer entitled to the summary relief as to the stale claims.” (City of New York v Betancourt, supra, at 908 [emphasis supplied].) Although the court did not explicitly analyze the circumstances under which harm could be found, it noted that establishment of the equitable defense of loches would suffice.
Notwithstanding Betancourt (supra), the brightline approach of Gramford (supra) and Maxwell (supra) survived, with some courts continuing to find rent stale based on passage of time, without an additional showing of harm. (E.g., New York City Hous. Auth. v Hatzigiannis, NYLJ, Dec. 16, 1974, at 18, col 6 *944 [Civ Ct, NY County].) Increasingly, however, the appellate courts held that a finding of staleness could not be based on delay alone. (See, e.g., Schwartz v Abt, NYLJ, May 4, 1978, at 5, col 4 [App Term, 1st Dept]; Trustees of C.I. Mtge. Group v NYILR Ltd., NYLJ, Dec. 8, 1978, at 6, col 3 [App Term, 1st Dept]; Mt. Nebo Baptist Church v Myers, NYLJ, Apr. 10, 1979, at 10, col 5 [App Term, 1st Dept].)
This Department early on rejected the contention that excessive delay is sufficient to bar a landlord from maintaining a summary nonpayment proceeding. In Mathews v Deloach (NYLJ, June 30, 1978, at 15, col 2), the Appellate Term permitted a landlord to obtain a possessory judgment for nearly three years’ rent, after finding that "[t]he delay in commencing the proceeding was justified”. Ten years later, despite Mathews, the three-month rule was apparently still being applied. Thus, in C.H.L.C. Realty Corp. v Gottlieb (NYLJ, Oct. 19, 1988, at 28, col 4), the Appellate Term more explicitly rejected use of a fixed time period as a test of staleness: "This court has disapproved of the establishment of a '3 month rule’ for nonpayment proceedings so that any claim for rent for a period of more than three months would be considered 'stale’ as a matter of law * * *. Therefore, the court erred in limiting the recovery of the landlord to the three month period immediately prior to the trial since it is the burden of the tenant to establish that the demand for rent is stale.”
With a time test for staleness no longer available, the burden of establishing staleness has most frequently been met by establishment of the defense of loches. (E.g., Vigilance v Bascombe, NYLJ, May 25, 1989, at 30, col 1, affg NYLJ, July 27, 1988, at 21, col 5, supra; Luan Wag Realty v Somoza, NYLJ, Feb. 5, 1990, at 26, col 1, revd on other grounds NYLJ, July 10, 1991, at 21, col 1, supra; McLaughlin v Timms, NYLJ, Nov. 30, 1984, at 4, col 3 [App Term, 1st Dept]; Dedvukaj v Madonado, supra; see also, Mordland Assocs. v Coccaro, NYLJ, Aug. 25, 1987, at 6, col 5 [App Term, 1st Dept].)*
*945 In the present case, similarly, respondent has proved loches in order to establish staleness. Only upon the finding of loches does this court determine that the possessory claim should be limited to the three months’ rent accrued prior to the commencement of this proceeding. The imposition of this three-month limitation, after staleness has been established, thus differs entirely from the discredited use of a three-month rule to determine in the first instance whether rent is too stale to be sought in a summary proceeding. Unlike the three-month rule, the three-month limitation is grounded in the facts of the particular case.
In the present case, in addition to the facts showing loches, there were facts (supra, at 942-943) which suggest that petitioner’s delay in commencing the proceeding was intended to cause respondent’s eviction. But, given the confusion which has attended the development of the stale rent doctrine, it is important to make clear that such facts merely provide additional support for the three-month limitation. It is the finding of loches itself which determines the time limitation. This is so because a finding of loches is by its nature a finding that the rent sought in the petition is too stale to be the basis for a possessory claim. The number of months which are too stale is the precise issue required to be decided by the loches claim. This number, then, is determined not by facts which are extrinsic to the loches issue, but by the very facts which prove loches — most important, facts showing the number of months as to which there is no excuse for delay, and the number of months as to which unexcused delay has caused prejudice.
There may be cases in which the showing of loches is such that not even one month’s rent may be maintained in a summary proceeding (cf., Antillean Holding Co. v Lindley, 76 Misc 2d 1044, 1047, supra). There may also be cases in which the loches does not affect all of the months sought in the petition, so that the possessory claim can be based on rent for a substantial number of months. (Mordland Assocs. v Coccaro, supra.) In the present case, a general showing of loches was made as to all of the months claimed in the petition, and petitioner did not counter this showing. However, as the popularity of the rejected three-month rule shows, and as *946 respondent acknowledges in her memorandum of law, three months is normally considered a reasonable period of time for a landlord acting with "reasonable dispatch” to resort to a summary proceeding. (Antillean Holding Co. v Lindley, supra, at 1046.) The three-month period gives the landlord a fair opportunity to obtain expedited relief, while respecting the summary nature of the proceeding. This court therefore holds that in the absence of a specific showing to the contrary (as in the present case), the finding of loches should not cover the rent accrued in the three months before the proceeding is brought.
A three-month limitation has been approved by this Department under similar circumstances. In Vigilance v Bascombe (supra), the lower court imposed a three-month limit after finding loches on the part of the petitioner. In upholding the determination, the Appellate Term noted: "While, as previously stated (see, e.g., C.H.L.C. Realty Corp. v. Gottlieb * * * this court had disapproved of the establishment of an absolute time limitation on the collection of rent in a summary proceeding * * * under the circumstances disclosed by the record herein, the court below did not err in holding that landlord may not get a judgment of possession for more than three months’ rent and in relegating landlord to an action at law for the remainder.” (Vigilance v Bascombe, supra, at 30.)
This proceeding may therefore be maintained for possession, only for rent dating back to January 1991. As to all prior rents, this case is deemed an action at law. (Vigilance v Bascombe, supra; Moskowitz v Simms, NYLJ, Apr. 28, 1975, at 18, col 1 [App Term, 2d Dept]; 352 W. 15th St. Assocs. v Tietz, NYLJ, Sept. 21, 1989, at 22, col 3 [App Term, 1st Dept]; City of New York v Betancourt, 79 Misc 2d 907, supra.) The proceeding is restored to the calendar of Part 18G of this court on August 12, 1991 at 9:30 a.m.

 As some courts have now recognized (see, 269 Assocs. v Yerkes, 113 Misc 2d 450 [Civ Ct, NY County 1982]; Dedvukaj v Madonado, 115 Misc 2d 211, 215), there are at least two other doctrines under which staleness may be established. The first, equitable estoppel, requires a showing of intentional conduct designed to induce the opposing party to change its position prejudicially. The second, based on language but not the holding of Gramford Realty Co. v Valentin (71 Misc 2d 784), requires a showing of delay by the *945 landlord calculated to cause the tenant’s eviction by permitting arrears to mount beyond the tenant’s ability to pay. (See, 177 E. 90th St. v Devine, NYLJ, Mar. 30, 1982, at 6, col 1 [App Term, 1st Dept]; 269 Assocs. v Yerkes, supra, at 456.) In the present case, only the defense of loches was raised.