*948 OPINION OF THE COURT
Per Curiam.
Order entered April 28, 1995 reversed, without costs, and the nonpayment petition is reinstated in accordance with this decision.
The nonpayment petition alleges arrears of $432.06 per month for the months October 1994 through March 1995, plus the sum of $24,563.83 for the period January 1990 through September 1994. For many years landlord billed, and tenant paid, rent at a rate less than the legal registered rent because of a Senior Citizen Rent Increase Exemption (SCRIE). In late 1994, landlord discovered that tenant’s SCRIE had apparently expired long ago, perhaps as far back as 1979, and seeks to recover the differential between the stabilized rent and the amount actually paid in this summary proceeding.
“Where a landlord fails for a substantial period of time to avail [itself] of [a summary proceeding] to the detriment of the tenant [it] is no longer entitled to the summary relief as to the stale claims” (City of New York v Betancourt, 79 Misc 2d 907, 908). Landlord’s failure to monitor the SCRIE and undue delay in seeking relief, which has resulted in the accumulation of substantial arrears beyond tenant’s capacity to pay, bars a final judgment of possession based upon the stale demand. Civil Court erred, however, in dismissing the petition in its entirety “with prejudice”. The more preferable course is to permit a possessory judgment as to the most recent October 1994 through March 1995 period, and to limit landlord to a money judgment only for the lump-sum arrears (City of New York v Betancourt, supra).
Parness, P. J., McCooe and Gonzalez, JJ., concur.