OPINION OF THE COURT
Javier E. Vargas, J.
The motion by respondent tenant Marie Jackson, for, inter alia, leave to amend her answer and for summary judgment pursuant to CPLR 3212 (b), is granted in part and denied in part.
*797 For approximately 32 years, tenant has been residing at the subject premises located at 1515 Macombs Road, apartment 507, in the Bronx, New York, owned and managed by petitioner landlord 1515 Macombs Road, LLC. Tenant, who is currently a 73-year-old senior citizen, subsists only on approximately $679 per month in Social Security benefits. Given her age and indigence, she is also a recipient of the Senior Citizen Rent Increase Exemption Program (SCRIE) benefits, under which the New York City Department of Finance freezes the collectible rent for eligible senior citizens at a certain monthly rent (see Administrative Code of City of NY § 26-509 [b] [1]), with the landlord obtaining a concomitant tax credit under the SCRIE tax abatement credit.
It is undisputed that during the relevant time frame, tenant had a valid SCRIE “Initial Approval Order” which set her share of the rent at $619.04 per month commencing in June 2011. The SCRIE order, which indicates that her legal rent during this time frame was $679.04 leaving a $60 monthly exemption, further provides for a mechanism for modification of the calculations for “subsequent lawful adjustments to the rent” as well as a procedure for any aggrieved party to appeal its terms. There is no indication that landlord ever challenged the SCRIE order or that a modification was sought. Nor does landlord dispute that tenant has in fact paid the $619.04 to landlord each month since the SCRIE order went into effect. The tenancy has proceeded smoothly and there has never been any Housing Court proceeding against tenant.
However, in December 2013, landlord charged back tenant an exorbitant amount of rent arrears of $10,239.88, allegedly to correct an accounting error whereby landlord undercharged—and tenant underpaid—the SCRIE credit for the months between February 2012 and December 2013. According to landlord, it gave tenant credits of $540 per month instead of the actual credit amount of $127.51 monthly. Because landlord’s prior credits almost coincided with her initial receipt of SCRIE, tenant apparently believed the credits were valid ongoing or retroactive SCRIE payments. Faced with this unexpected and substantial charge-back, tenant rapidly fell behind, despite continuously paying her current rent plus making additional payments. By three-day notice to tenant rent demand dated June 24, 2014, landlord demanded immediate payment of rent arrears then amounting to $6,943.92, in pain of commencing a summary nonpayment proceeding in Bronx County Housing *798 Court. Tenant failed to comply with the rent demand payment deadline of July 5, 2014.
As a result, by notice of petition and petition dated July 7, 2014, landlord commenced the instant nonpayment proceeding against tenant, seeking a final judgment of possession of the premises, the issuance of a warrant of eviction, and rent arrears currently amounting to $6,703.88, comprised of the SCRIE rent amount of $619.04 between August 2013 and June 2014, as well as an alleged major capital improvement (MCI) retroactive charge of $574.72. The petition describes the premises’ regulatory status as “subject to Rent Stabilization Law of 1969,” duly registered with the New York State Division of Housing and Community Renewal, and that “any rent demanded herein does not exceed the lawfully stabilized rent permitted under said Law, Code and appropriate Rent Guidelines Board Orders.” By answer dated July 14, 2014, tenant answered in person solely claiming that “there are conditions in the apartment . . . which Petitioner did not repair and/or services which [it] did not provide.”
Several adjournments were requested and consented to affording the elderly tenant an opportunity to secure counsel, which eventually became the Legal Aid Society. Now, by notice of motion returnable October 29, 2015, tenant moves, pursuant to CPLR 3025 (b), for leave to amend her answer to include several affirmative defenses, to wit, that: (1) the rent demand improperly fails to provide a good faith estimate of the rent arrears; (2) landlord is demanding rent in excess of the legal SCRIE rent; (3) there are warranty of habitability issues at the premises; and (4) landlord is including stale rent claims which are barred by the doctrine of laches. In addition, tenant moves for summary judgment against landlord, pursuant to CPLR 3212 (b), as to what amounts may be recovered, and which can be severed as stale rent amounts under laches; and dismissing the proceeding alleging that tenant is current in her SCRIE payments. In support of her motion, tenant argues that landlord improperly calculated the arrears, and unduly delayed the commencement of this proceeding for stale rental arrears since February 2012, thereby allowing them to accumulate to over $6,000 through July 2014, and causing her severe prejudice.
In opposition to tenant’s motion, landlord argues that summary judgment is unwarranted at this juncture of the proceedings because triable issues of fact have been raised as to its *799 entitlement to all the undercharged SCRIE rent arrears and ancillary MCI charges accumulated as a result of its accounting mistake between February 2012 and December 2013. Nor can the rent arrears owed be considered stale rent, according to landlord, as tenant is clearly liable for them. This court disagrees with landlord.
It is well settled that leave to amend a pleading may be granted “at any time by leave of court. . . [and] shall be freely given upon such terms as may be just” (CPLR 3025 [b]; see CCA 909). The factors used to determine whether leave for an amended answer should be granted include, in part, the existence of a reasonable excuse for the amendment and the absence of surprise or prejudice to the nonmovant (see Herrick v Second Cuthouse, 64 NY2d 692, 693 [1984]; Hickey v Hutton, 182 AD2d 801, 802 [1992]). “[I]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit” (Lucido v Mancuso, 49 AD3d 220, 227 [2008], appeal withdrawn 12 NY3d 804 [2009], quoting G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 99 [2007]; see Trataros Constr., Inc. v New York City Hous. Auth., 34 AD3d 451, 452-453 [2006]).
Here, tenant answered, pro se, on July 14, 2014, specifically claiming the affirmative defense of the existence of conditions and breach of the warranty of habitability. However, upon her retention of counsel, additional facts crystalized as to the timing and nature of the rent arrears claimed, which would appear to provide affirmative defenses to this proceeding. As such, tenant has sufficiently established an entitlement to amend her answer to add a laches defense and other affirmative defenses. Landlord does not claim any surprise about the proposed overcharge and laches defense claims, and its assertion of prejudice given the delay of the amended answer sounds hollow since both parties were the ones who consented to the significant adjournments in this matter. In light of the allegations and the possible forfeiture of the premises herein, the elderly tenant must be permitted to raise all applicable defenses which are not “palpably insufficient or patently devoid of merit,” and, hence, this court grants tenant’s motion for leave to deem the proposed amended answer filed nunc pro tunc.
With respect to that portion of the motion seeking summary judgment, it is well-settled that summary judgment requires *800 the proponent to make “a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see CPLR 3212 [b]), and that there are no defenses as a matter of law (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967 [1988]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Specifically, summary judgment may be awarded on a laches defense, which “is an equitable doctrine based on fairness” (Bldg. Mgt. Co. Inc. v Bonifacio, 25 Misc 3d 1233[A], 2009 NY Slip Op 52398 [U], *3 [Civ Ct, NY County 2009]; see Marriott v Shaw, 151 Misc 2d 938, 940 [Civ Ct, Kings County 1991]). Laches bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to an opposing party (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003]). The four basic elements of laches are that: (1) “petitioner must have [a] valid claim”; (2) “petitioner must have delayed [in] asserting claim without good cause”; (3) “there must be lack of notice to [the tenant] that petitioner would pursue the claim”; and (4) “[tenant] must be prejudiced” (Scherer, Residential Landlord-Tenant Law in New York §§ 12:26-12:28 at 830-831 [2014-2015]; see Dwyer v Mazzola, 171 AD2d 726, 727 [2d Dept 1991]). Courts have the discretion to consider the equities to ascertain “when a claim [for rent] is stale” (Rota Holding Corp. No. 2 v Shea, 21 Misc 3d 1127[A], 2008 NY Slip Op 52250[U], *2-3 [Civ Ct, NY County 2008]). When a tenant establishes the elements of laches, the landlord must establish a reasonable excuse for the delay or be barred from recovering a possessory judgment for arrears found to be stale (1560-80 Pelham Pkwy. Assoc. v Errico, 177 Misc 2d 947, 948 [App Term, 1st Dept 1998], citing City of New York v Betancourt, 79 Misc 2d 907, 908 [App Term, 1st Dept 1974]).
Applying the foregoing principles to the matter at bar, tenant has sufficiently established a prima facie case of laches as to her rent arrears. The first element of laches is easily satisfied as landlord claims to have undercharged tenant for SCRIE rent payments between February 2012 and December 2013. The second prong—protracted delay—has also been satisfied by landlord’s delay of more than two years in commencing this proceeding and the absence of any impediment to bringing an earlier lawsuit (see Marriott v Shaw, 151 Misc 2d at 940; Rodriguez v Torres, NYLJ, Jan. 22, 2003 at 22, col 1 [Civ Ct, *801 Kings County]). Even crediting landlord’s claim that it discovered its accounting “error” in December 2013, no affidavit and/or document provides a reasonable excuse for the six-month delay in landlord’s asserting its rent claims after discovery. The third prong of lack of notice is satisfied by the fact that no rent was demanded, other than before commencing the proceeding, and no prior proceeding for rent was timely commenced.
Finally, the fourth prong of prejudice has been satisfied by evidence that the tenant, who is a senior citizen on a fixed and limited income, lacks any savings or significant resources to pay the large rental arrears now accumulated (see Marriott v Shaw, 151 Misc 2d at 941-942). Even were she to apply for financial assistance from the NYC Human Resources Administration, no approval could be guaranteed. Balancing the equities under the extant circumstances, the court holds that landlord may only recover tenant’s SCRIE rent arrears from four months prior to the petition date of July 2014, if any. As such, all SCRIE rent claims accumulated prior to April 2014 are severed as stale rent arrears, without prejudice to landlord’s commencement of a plenary action against tenant to obtain these arrears after trial, but only for a money or nonpossessory judgment (see Bldg. Mgt. Co. Inc. v Bonifacio, 25 Misc 3d at 1233[A], 2009 NY Slip Op 52398[U]).
Turning to the remainder of the motion, tenant also seeks to have landlord’s claim for ancillary charges over the SCRIE amount dismissed as a matter of law. Landlord seeks a current lump sum of $574.72 labeled as “MCI Retro” in the petition. However, the New York City Rent Control Law’s SCRIE regulations expressly provide that “[n]o increase in the legal regulated rent shall be collectible from a tenant to whom there has been issued a currently valid rent exemption order pursuant to this subdivision, except as provided in such order, if such an increase is a lawful increase” (Administrative Code § 26-509 [b] [1] [emphasis added]; see 9 NYCRR 2202.20 [a], [e]). “The effect of the SCRIE program is thus to freeze the senior citizen’s rent as long as a valid SCRIE order is in effect,” and no MCI or other ancillary charges can be recovered, unless specifically listed (York 80 LLC v Gunsalus, 23 Misc 3d 1119[A], 2009 NY Slip Op 50842 [U], *2 [Civ Ct, NY County 2009, Kaplan, J.]). Other than its say-so, landlord provides no proof whatsoever of the date or nature of this MCI. Therefore, tenant has established an entitlement to judgment as a matter of *802 law, and is awarded summary judgment dismissing landlord’s claims for these MCI charges accumulating from June 2011, which cannot be currently recovered by landlord.
In accordance with the foregoing, tenant’s motion is granted to the extent that her proposed amended answer is deemed filed nunc pro tunc, and summary judgment is granted in her favor as to her laches affirmative defense only to the extent that landlord’s claims for stale SCRIE rent prior to April 2014 are hereby severed. Using its discretion and taking the extant equities into account, this court determines that landlord may seek a possessory judgment only for specific SCRIE rent arrears that accumulated after April 2014, and since there is no proof of any arrears to date, the proceeding is hereby dismissed.