1266 Olmstead Avenue, LLC, Petitioner-Landlord-Appellant, 
against
Nancy Rosa, Respondent-Tenant-Respondent.



Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, Bronx County (Marian C. Doherty, J.), dated February 8, 2016, as granted tenant's motion to dismiss that branch of the nonpayment petition seeking a possessory judgment for rent accruing prior to January 1, 2015.




Per Curiam.
Order (Marian C. Doherty, J.), dated February 8, 2016, insofar as appealed from, affirmed, with $10 costs.
Tenant was the beneficiary of a Disability Rent Increase Exemption ["DRIE"] since October 2009. Pursuant to the DRIE subsidy program, a qualifying tenant's rent is frozen, while the landlord receives a tax credit to make up the difference between the frozen rent and what the DRIE tenant would pay without the benefit (see Rent Stabilization Law [Administrative Code of City of NY] § 26-509).
Landlord alleged that it discovered in December 2014 that tenant's DRIE expired June 2011. In March 2015, landlord commenced this nonpayment proceeding seeking current rent, as well as some $8,000 in arrears representing the differential between the frozen rent and the amount tenant should have been paying without the exemption.
The motion court appropriately limited the period for which a possessory judgment could issue to recent months, given landlord's inaction for nearly a four-year period following the lapse of tenant's DRIE (see City of New York v Betancourt, 79 Misc 2d 907 [1974]). "Landlord's failure to monitor the [DRIE] and undue delay in seeking relief, which has resulted in the accumulation of substantial arrears beyond tenant's capacity to pay, bars a final judgment of possession based upon the stale demand" (1560-80 Pelham Pkwy. Assoc. v Errico, 177 Misc 2d 947, 948 [1998]). In this regard, landlord does not dispute that the DRIE owner notification lists the specific exemption benefit period, that it did not receive any notification of tenant's DRIE renewal for the period after June 2011, and that it made no inquiry with tenant or the New York City Department of Finance after June 2011 to determine if tenant's DRIE was renewed.
As properly determined by Civil Court, a nonpossessory monetary judgment could issue as to the portion of the rent that was "stale."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 28, 2016